Guckien, Treasurer, v. Rothrock.

No. 16,381.

GUCKIEN, TREASURER, v. ROTHROCK.

137 355
143 513

GRAVEL ROAD.—*Assessments in Excess of Benefits.*—*Act of 1877.*—In a proceeding to establish a free gravel road under the act of 1877, assessments can not be made in excess of benefits.

SAME.—*Re-assessment.*—*Notice.*—Before a re-assessment for gravel road purposes can be made, notice is essential; for in all proceedings affecting property rights notice is essential to constitute due process of law.

SAME.—*Addition to Assessment.*—*Injunctive Relief.*—*When Entitled to.* —*Notice.*—Where, in a suit to enjoin the collection of an additional assessment for the construction of a gravel road, the amount alleged, in the first paragraph, to have been added by the auditor, and, in the second paragraph, by the commissioners, without notice, was $198.85, all of which, it is alleged, is in excess of the actual and ascertained benefits to plaintiffs' lands, each paragraph states facts entitling the plaintiff to injunctive relief; for the addition to the assessment was not a judicial act, if performed by the auditor, and if performed by the commissioners, and was a judicial act on their part, it was void for want of notice.

SAME.—*Committee's Report.*—*Finding of Benefits.*—The act of 1877, providing for the establishment of gravel roads, requires, by necessary implication, that the committee shall embody in their report a finding of the benefits to the lands affected by such proceedings.

VERDICT.—*Sufficiency of Evidence.*—That the evidence is sufficient to support the verdict, see opinion.

From the Carroll Circuit Court.

*J. H. Gould* and *G. R. Eldridge*, for appellant.

*L. D. Boyd*, for appellee.

McCABE, J.—The appellee sued the appellant in the Carroll Circuit Court to enjoin the collection of certain assessments upon his land for the construction of a gravel road. The complaint was in two paragraphs, a demurrer to each of which was overruled. Issue, trial by the court, finding and judgment for the appellee over a motion for a new trial. It is assigned for error that the court erred in overruling the demurrer to each of the

paragraphs of the complaint, and in overruling the motion for a new trial.

The first paragraph states that "plaintiff is and has been for the last five years the owner in fee simple, and in possession of, the following described lands in Carroll county (which are described); that on the 9th day of June, 1888, the board of commissioners of said county, after due and legal proceedings, had established a free gravel road in said county known and designated as the Andrew J. Metzger gravel road, running within two miles of said described land owned by plaintiff, and affecting the same, whereby he became liable to assessment for the construction of said road; that in pursuance thereto, the said board of commissioners appointed a committee to assess the benefits and damages to the land affected by the construction of the proposed turnpike; that on the 17th day of December, 1888, said committee proceeded to view and determine and find the benefits and damages accruing to the land affected thereby; that said committee * * found that the lands above described * * were benefited in the sum of $397.70, and assessed against said land, for the construction of said road, the full amount of benefits so found to wit: * * $397.70, and that the same was made payable in eight annual installments; that the report of said committee was by it duly filed in the auditor's office of said * county and confirmed by said board of commissioners, and afterwards said assessment was placed on the tax duplicate of said * county. And plaintiff avers that he has paid all legal taxes of whatsoever kind that have been assessed against him and have fallen due, and is ready and willing to pay any remaining. installments when they shall become due; * * that after the report of said committee had been made to said board of commissioners and confirmed by them, * Henderson Dunkle, * * auditor of

said county, * * without giving any notice whatever, and without first referring the same to viewers, arbitrarily, and without authority of law, and without first having had a view of the lands affected, and without this plaintiff having any notice or knowledge of said proceedings by said auditor, placed a pretended additional assessment on said described lands belonging to plaintiff to the amount of $198.85, for the purpose of paying the expenses incurred in the construction of said road; that said additional assessment is $198.85 in excess of the benefits to said lands as found by the committee aforesaid, and is $198.85 in excess of the actual benefits accruing to said lands; that said additional assessment has been placed on the tax duplicate of Carroll county, Indiana, and is now in the hands of the treasurer for collection, and that a lien is thereby created upon the lands of plaintiff above described, and a cloud is cast upon his title; * * that unless the defendant, the treasurer of * * said county, * is restrained, he will proceed to collect said pretended additional assessment, * * * and will offer plaintiff's land for sale to satisfy the same, wherefore * * * plaintiff asks that the defendant, treasurer as aforesaid, be restrained from collecting said taxes, and that said taxes be declared illegal and cancelled, * * and other proper relief."

The second paragraph is identical with the first, except that instead of alleging that the auditor made the additional assessment, it avers "that after the report of said committee had been made to, and confirmed by, the commissioners, they, without giving any notice whatever, and without first referring the same to viewers arbitrarily, and without authority of law, and without first having had a view of the lands affected, and without this plaintiff having any notice or knowledge of said proceedings, placed a pretended additional assessment on said

described lands * * owned by plaintiff, to the amount of $198.85, for the purpose of paying the expenses incurred in the construction of said road; that said additional assessment is $198.85, in excess of the benefits to said lands as found by the committee aforesaid, and is $198.85 in excess of the actual benefits accruing to said land.''

It will be observed that neither paragraph of the complaint specifically states what statute the gravel road proceedings were had under, whether under the act of March 3, 1877 (3 Burns' Rev. St. 1894, section 6858), or under the act of 1885 (3 Burns' Rev. St. 1894, section 6879).

These two acts establish two distinct systems for the construction of gravel roads. *Robinson* v. *Rippey*, 111 Ind. 112.

The only allegation in the complaint indicating which statute the proceedings were had under, is that which avers that the board of commissioners appointed a committee to assess the benefits and damages to the land affected by the construction of the proposed turnpike, the report of the committee, and its confirmation. Only one of the acts makes provision for the appointment of such a committee, and that is the act of March 3, 1877. This, we think, is a sufficient indication that the proceedings were had under the latter act.

It is conceded, by appellant's counsel, that the act of 1885 makes ample provision against the assessment of a larger sum against any land affected by the proposed improvement, than an amount equal to the benefits to such land resulting therefrom. But they contend that no such limit is provided for in the act of 1877, and that by that act the lands affected may be assessed in any sum however largely beyond such benefits it may be, if such excess, in the judgment of the proper officers, is neces-

sary to the payment of the expense of the construction of the free gravel road. And assuming that it sufficiently appears from the complaint that the proceedings for the construction of the road were had under the act of 1877, they contend that both paragraphs were bad. They contend that this construction of the act of 1877 is strengthened by the Legislature making express provision in the act of 1885 forbidding an assessment for such an improvement for a sum in excess of the benefits thereof to the land affected.

They argue that there would have been no call for such a provision in the act of 1885, if the act of 1877, properly construed, contained such an inhibition. Even if that was the reason that led the Legislature to embrace the provision in the act of 1885, yet that was nothing more than the opinion of the Legislature as to the proper construction of an act of a previous Legislature. That opinion, however, can have no binding force on any one, because the Legislature can exercise no judicial power. 1 Burns' Rev. St. 1894, section 96.

But the act of 1877 has heretofore received a judicial interpretation to the effect that it prohibits assessments in excess of benefits.

The free gravel road involved in *Campbell* v. *Board*, *etc.*, 118 Ind. 119, was ordered to be established in 1884, prior to the passage of the act of 1885, and, hence, was established under the act of 1877. In that case, on p. 121, this court said: "We are of the opinion that the auditor has no authority to increase an assessment beyond the sum ascertained and assessed as benefits in due course of law. Section 5096, R. S. 1881 (3 Burns' R. S. 1894, section 6860), must be construed as meaning that the auditor can only add to the assessment when it appears that the addition will not make the assessment exceed the benefits ascertained and reported in compliance

with the statute. The auditor can not determine the benefits, nor, indeed, any other purely judicial question. To hold otherwise would be to invest the auditor with power arbitrarily, without notice, and without viewers, to add to the burdens of the landowners, and this would be to violate some of the plainest principles of constitutional law. If the auditor may add forty-five per cent. on his own motion, and without notice, he may, on the same theory, double the assessment. Certainly it was not contemplated that he should have any such power. It would be rank injustice to land-owners to concede him such authority, for it might well be that the assessment thus increased would greatly exceed the benefits to the land. It would, at all events, deprive the land-owners of the constitutional right to have benefits assessed by due process of law. It is too well settled to admit of doubt that no greater sum than the benefit which accrues can be assessed against the land. Proceedings like these are only sustainable on the ground that the land receives a benefit equal to the assessment.''

The same construction of the act in question as to the right of the land owners to successfully resist so much of any assessment as exceeds the benefits to their lands by their proposed improvements, was also asserted in *Board, etc.*, v. *Fullen*, 111 Ind. 410.

It follows that the first paragraph was good, and stated facts sufficient. The second paragraph differs only from the first in that instead of alleging that the auditor made the additional assessment, it alleges that after the report of said committee had been made to and confirmed by the commissioners, they, without giving any notice whatever, and without first referring the same to viewers, arbitrarily, and without first having had a view of the lands affected, and without having any notice or

knowledge of said proceedings, placed the pretended additional assessment on the duplicate," etc.

In the same case from which we have just quoted, this court further said, on page 120, that "the board has no authority to make a re-assessment without notice, and upon notice the land-owners are entitled to come in and defend. * * * In order to entitle the board to make a re-assessment notice is essential, for in all proceedings affecting property rights, notice is essential to constitute due process of law."

Appellant's counsel contend that assessments for the construction of free gravel roads can not be impeached collaterally, unless the assessment is void, and that if the proceedings are not void, injunction will not lie. They contend that the additional assessment set forth in the complaint is not void, and for that reason the complaint for injunctive relief will not lie.

It was held in the case from which we have quoted, that the auditor can only add to the assessment when it appears that the addition will not make the assessment exceed the benefits ascertained and reported in compliance with the statute. It is true the auditor, by section 5096, R. S. 1881 (3 Burns' Rev. St. 1894, section 6860), is required "before placing the said assessment upon the duplicate to reduce or add to the same, *pro rata*, the amount the actual expense shall be found to be more or less than said estimate." But the construction placed upon the whole section, as we have seen, is that such addition shall not exceed the benefits. In making the addition he acts in a purely ministerial capacity, and his authority is purely statutory, and when he exceeds that authority his acts are void. In so far as the alleged addition exceeded the benefits it was void.

The complaint alleges, and the demurrer admits, that the whole of the addition, to wit, $198.85, was in excess

of the actual benefits, as found and ascertained by the proper committee, which was by them fixed at $397.70, making the whole assessment, or apportionment, to appellee $596.55.

The second paragraph amounts to a charge that the commissioners made the additional assessment without notice to the appellee. It has often been held by this court that a re-assessment in cases of this kind can not be made by the board of commissioners without notice to the land owners affected, and that such an assessment may be enjoined. It is held that a notice is as much required to confer jurisdiction to make a re-assessment as in case of the original assessment. *Gavin* v. *Board, etc.*, 104 Ind. 201; *Campbell* v. *Board, etc., supra; Board, etc.*, v. *Fullen, supra; Board, etc.*, v. *Fullen,* 118 Ind. 158; *Board, etc.*, v. *Fahlor,* 114 Ind. 176.

If the second paragraph be construed to mean that the board attempted to exercise the power conferred on the auditor by the latter part of section 5096, R. S. 1881 (3 Burns R. S. 1894, section 6860), to reduce or add to the assessment their act would be equally void, because their powers are purely statutory, and no statute confers on them such power. *Gavin* v. *Board, etc., supra.*

But it is contended by appellant's counsel that the appellee is estopped from questioning the assessment because they contend that after the filing of the report by the committee, under section 5096, the auditor is required to notify those interested.

And, quoting from *Loesnitz* v. *Seelinger,* 127 Ind. 422 (433), appellants' counsel say: ''It is made the duty of the board of commissioners, after such notice has been given, to hear any objections that may be made thereto, and if no sufficient reason is shown why it should not do so, they are required to approve and confirm the report, and

Guckien, Treasurer, *v.* Rothrock.

order the amount due from each tract of land to be as-
sessed against the same.

"The order of the board of commissioners approving
and confirming the report, has the force and effect of a
judgment against the owner of the land thus notified, in
so far as it affects the land. This judgment is as bind-
ing upon the parties as the judgment of any other court
of competent jurisdiction upon the finding of the court
or the verdict of a jury. If any owner of land assessed
has any valid objection to the assessment, it is his duty
to avail himself of such objection, when brought into
court for that purpose, and, if he fails to do so, the judg-
ment estops him from making such objection in any col-
lateral proceeding like the one before us."

And they cite, also, in support of this proposition,
*Million* v. *Board, etc.*, 89 Ind. 5; *Osborn* v. *Sutton*, 108
Ind. 443; *White* v. *Fleming*, 114 Ind. 560.

All of these cases, as well as the one they quote from,
*Loesnitz* v. *Seelinger, supra*, are all correctly decided and
are sound law, but they have no application here. In
each case it was sought to enjoin the collection of gravel
road assessments for mere errors and irregularities in
the proceedings of the board after it had acquired juris-
diction.

The question involved in the case of *Loesnitz* v. *Seel-
inger, supra*, from which appellant's counsel quote, was
whether the report of the committee apportioning the ex-
pense of the proposed improvement was correct or erro-
neous, and whether the action of the board in confirm-
ing the same was correct or erroneous. That is not the
question here at all. The section provides for a full and
ample hearing of all objections to the report of the com-
mittee; and if the objections are not sustained, or if
none are made, the section provides that the commis-
sioners shall confirm the same. In that event the case

last named holds, and, we think, correctly, that such confirmation has the force and effect of a judgment against the owner of the land thus notified. But there is nothing adjudicated therein except the correctness of the report.

The section (5096 *supra*) further provides in relation thereto, that "the final action of the commissioners shall be entered upon their records, together with the report as confirmed, showing how the said estimated expense has been apportioned upon the land ordered to be assessed." That is all the adjudication that takes place in regard to the committee's reported apportionment, according to the statute, and that was all the adjudication in regard to the reported apportionment that took place in this case. And the amount that the committee, in their report, apportioned to the appellee's land was $397.70. Against this he filed no exceptions and made no objections before the board. The board, as the statute requires in such case, entered on their record a final order confirming the report, transcribing the same into the record, which stands as a judgment against the appellee's land for the amount of said assessment, to wit, $397.70. Appellee is still content with this assessment, and alleges that he has paid all of it that has fallen due, and is ready to pay all the balance of it as soon as it falls due.

The section provides, further, that after the entry of the report upon the commissioners' record, and confirming the same, "The county auditor, before placing said assessment upon the duplicate, shall reduce or add to the same, *pro rata*, the amount the actual expense shall be found to be, more or less than the said estimate."

The amount alleged to have been added by the auditor, in the first paragraph, and by the commissioners, in the second, without notice, in both cases was $198.85, all of which, it is alleged, is in excess of the actual and ascer-

tained benefits to appellee's land. He is not estopped, by any adjudication or judgment, to dispute the validity of that excess, because its addition to the assessment was not a judicial act, especially if performed by the auditor; and, if performed by the commissioners, and was even a judicial act on their part, it was a void act because, as we have seen, they could not make an additional assessment without notice to the land owner, and, it is alleged, no notice was given.

We are, therefore, of the opinion that each paragraph stated facts sufficient to entitle the appellee to relief by injunction, and that the circuit court did not err in overruling the demurrer thereto.

Appellant's counsel further contend that both paragraphs are bad because said section 5096 (6860) makes no provision for, and does not require, the committee to embody in their report a finding of the benefits to the land affected, and that, therefore, such alleged finding was an immaterial fact.

It is true no such express provision is made in that or any other section in that act, though the act of 1885 not only contains such a provision, but it requires the viewers to find the benefits to each forty acres of land or less, and embody that in their report. The apportioning officers are called a "committee" in the act of 1877, and "viewers" in the act of 1885. But we must look to the act of 1877 alone in determining this question. While that act makes no express provision requiring the committee to find and report the benefits, yet it does require that they shall, "upon actual view of the premises, apportion the estimated expense of said improvement * * * according to the benefits to be derived therefrom, and report the same," etc.

This can not be done by the committee without finding what the benefits are.

Now, inasmuch as the whole section, as heretofore held, limits assessments to a sum not exceeding the benefits, and as the same section authorizes the auditor, before placing the assessment upon the duplicate, to reduce or add to the same *pro rata* the amount, the actual expense shall be found to be more or less than the assessment, and inasmuch as the auditor could not perform his duty to add thereto, unless he knew what the benefits were, and, inasmuch as he has no power to judicially determine what the benefits are, it is fairly to be inferred as the legislative intent that the committee shall embrace in their report the fact they are expressly required to find the estimated benefits.   Therefore, the allegation that the committee did find and report what the benefits to appellant's lands were was the allegation of a material fact.   We are, therefore, of the opinion that each paragraph stated facts sufficient to entitle appellee to relief by injunction, and that the circuit court did not err in overruling the demurrer thereto.

The learned counsel for appellant contend that the evidence does not support the finding of the court.   It shows that the committee found that $396.70 was the amount of the benefits resulting to appellee's land on account of the proposed improvement, and that that amount ought to be assessed against his land; that the report, as finally amended, was confirmed by the board in December, 1888.   At a special session thereof on March 22, 1889, the board ordered the auditor, among other things, "to embrace and include, as a part of the costs and expenses for the construction of said road, all the costs incurred and the costs of engineering and superintending thereof * * for building said road * *, and he is ordered to procure the necessary duplicates and enter thereon the assessments as heretofore ordered, etc."

It further appears that the auditor, claiming to act by

virtue of that order and by virtue of the statute in the summer of 1889, added fifty per cent. to the amount of the assessment and apportionment contained in the report, as confirmed in March, amounting to $198.35, all of which addition is in excess of the ascertained benefits reported by the committee. And it further appears that no notice of any kind was given to appellee of the action of the board or the auditor in relation thereto.

The order of the board furnished no authority to the auditor to make additions to the assessment in excess of the benefits to appellee's land.

It follows from what we have already said, that the evidence was sufficient to support the finding, and, therefore, the circuit court did not err in overruling the motion for a new trial.

The judgment is, therefore, affirmed.

