Hughes *et al. v.* Parker *et al.*

---

HUGHES ET AL. *v.* PARKER ET AL.

[No. 18,232.   Filed November 17, 1897.]

MUNICIPAL CORPORATIONS.—*Improvement of Street.—Preliminary Order.*—The preliminary order by resolution declaring a necessity for the improvement of a street, as provided by section 4289, Burns' R. S. 1894, is not essential to the jurisdiction of the common council of a city. *pp. 693, 694.*

SAME.—*Foreclosure of Assessment Lien.—Indebtedness of City Beyond Constitutional Limit.*—In an action by a contractor against a property owner for the foreclosure of a street assessment lien, the question as to whether or not the city, at the date of entering into the contract for the improvement, was indebted beyond the constitutional limit, and did not have money in its treasury sufficient to pay its part of the cost thereof, cannot arise. *p. 694.*

APPEAL.—*A Statutory Right.*—The right to an appeal being purely statutory, the legislature has the authority to make the decision of municipal officers final and conclusive. *p. 695.*

From the Hancock Circuit Court.   *Affirmed.*

*S. A. Wray, R. A. Black, R. Williamson, E. Marsh* and *W. W. Cook,* for appellants.

*U. S. Jackson, E. W. Felt* and *Spencer & Binford,* for appellees.

HOWARD, J.—This was an action for the foreclosure of a street assessment lien. There was a finding of facts by the court, and judgment of foreclosure in favor of appellees, contractors for the improvement. Many errors are assigned by appellants. We shall consider those which are discussed by counsel.

It is first contended that the common council of the city of Greenfield never acquired jurisdiction of the subject-matter of the improvement or of the persons of the property owners assessed therefor, for the reason that no resolution of necessity was ever passed, or notice thereof given, as required by section 2 of the Barrett law (Acts 1889, p. 237), section 4289, Burns' R. S. 1894. It must be admitted that the proceedings of the council in this matter were irregular. The resolution of necessity should have been adopted, and notice thereof given as provided in the statute. But it has been repeatedly held that such resolution and notice are not essential to give jurisdiction to the council, provided only that notice and a hearing are given to the property owners before the making of the final assessments. This notice and hearing were had in the case at bar.

In the carefully considered case of *Barber Asphalt Paving Co.* v. *Edgerton,* 125 Ind. 455, it was said: "That where the whole subject of the matter of local improvements, and the assessments to be made in aid thereof, are conferred upon municipal corporations having charge of, and exclusive original jurisdiction over such improvements, as in this State, the proceed-

ings of such corporations will not be held void where there has been an attempt to comply with a statutory requirement, though such attempt does not amount to a strict compliance with the statute, if the corporation, in addition to its jurisdiction over the subject-matter, acquires jurisdiction over the persons to be affected." And again: "As to whether a particular improvement is, or is not necessary, must, of necessity, be left to the discretion of the common council of the city where the improvement is to be made. This question, we think, under the statutes in force in this State, may be determined by such council without notice to the property owner who is to be affected by such improvement." As to payment of assessments made for such improvements, however, it is said in the same connection, "the property owner is entitled to notice and a hearing;" and this notice and hearing, it is held, will satisfy the constitutional requirement. The decisions from other states, cited by counsel, are not controlling.

It is next contended that the action cannot be maintained for the reason that the city of Greenfield was, at the date of entering into the contract for this improvement, indebted beyond the constitutional limit, and did not then have money in its treasury sufficient to pay its part of the cost of the improvement. We are of opinion that the question thus suggested does not properly arise upon the record of this case. If the city of Greenfield, or one of its taxpayers as such, were here resisting the payment by the city of its proportion of the cost of the improvement, then what is said by counsel as to illegality of attempted increase of city indebtedness might be in point. But so far as concerns the payment by appellants of the assessment made against them for the improvement in front of their own property, it can make no difference

whether the city pays for the street and alley cross-ings or not. The contractors are not here attempting to collect from the city, but from appellants. An error, to be available, must be harmful to the party complaining.

Counsel have also argued that the statute under which the improvement was made is unconstitutional, for the reason, as contended, that it provides for no appeal from the action of the council. In answer, it is to be said, in the first place, that, as a matter of fact, the statute does provide for an appeal, in which "all questions from the making of the contract to the report of the engineer on the final estimate are brought in review." Section 4298, Burns' R. S. 1894 (Acts 1891, p. 327); *Robinson* v. *City of Valparaiso*, 136 Ind. 616.

More than this, we may observe that the right to an appeal is and always has been statutory. Elliott's App. Proced., section 75, and following, and note to section 354. In the case before us, as said in *Sims* v. *Hines*, 121 Ind. 534, the legislature had "the authority to deny an appeal and to make the decision of the municipal officers final and conclusive."

Some minor questions are discussed by counsel, but we have found no available error in the record.

Judgment affirmed.