## Ross v. Van Natta et al.

[No. 20,529.    Filed April 26, 1905.]

1. Appeal and Error.—*Demurrer to Complaint.*—*Exception to Conclusions of Law.*—Where the facts found are the same as alleged in the complaint, an exception to the conclusions of law on such facts presents the same questions as the demurrer to the complaint.    p. 558.

2. Contracts.—*Street Improvements.*—*Partly Legal.*—*Partly Illegal.*—*Separable.*—Where a contract for improving and sodding a street was completed and the cost of the improving was capable of separate computation, the fact that the contract was invalid as to the cost of sodding does not prevent a recovery for the price of the street improvement.    p. 559.

3. Statutes.—*Construction.*—*Notice of Assessment.*—*What Constitutes.*—Where the statute (§3626a Burns 1901) provides that it shall be shown that at least ten days before suit is commenced for the enforcement of a street assessment, the owner "was notified of such assessment, including the amount thereof, with interest, and where the same was payable," such notice may be written or oral, and may be given by any municipal officer or any one interested in the claim.    p. 560.

4. Municipal Corporations.—*Street Improvements.*—*Contracts.*—*How Made.*—A written detailed proposal for certain street improvements accepted of record by the common council of a city constituted under the laws in force in 1899 a valid contract.    p. 561.

5. Pleading.—*Answer.*—*Facts Admissible Under Another Paragraph.*—Where the facts alleged in a paragraph of answer are admissible under another paragraph, sustaining a demurrer to the former is harmless.    p. 562.

From Tippecanoe Circuit Court; *Richard P. DeHart,* Judge.

Action by J. Lynn Van Natta and another against Alexander Ross and another. From a decree for plaintiffs,

defendant Ross appeals. Transferred from Appellate Court under §1337u Burns 1901, Acts 1901, p. 590. *Affirmed.*

*Davidson & Boulds* and *Fred. O. Evans,* for appellant.
*Haywood & Burnett,* for appellees.

MONTGOMERY, J.—This action was brought by appellees as assignees of Oliver M. Jumper, the original contractor, to foreclose a lien for sidewalk improvements made in pursuance of the provisions of the act of 1889 known as the Barrett law. §4288 *et seq.* Burns 1894, Acts 1889, p. 237.

1. The errors properly assigned and not waived call in question the rulings of the court in overruling demurrers to the first and second paragraphs of the amended complaint, and in sustaining a demurrer to the second paragraph of answer, and also the correctness of the court's conclusion of law upon the special finding of facts. The exception to the conclusion of law presents the same questions as those arising upon the demurrers to the amended complaint, and a determination of the sufficiency of the separate paragraphs of amended complaint is rendered unnecessary by reason of the special finding of facts with the conclusion of law. *Goodwine* v. *Cadwallader* (1902), 158 Ind. 202; *Runner* v. *Scott* (1898), 150 Ind. 441; *Woodward* v. *Mitchell* (1895), 140 Ind. 406.

The court stated the facts found, fully and in detail, in logical sequence, and with exceptional clearness and conciseness, and stated as a conclusion of law thereon that there was due appellees $204.99, the amount of the assessments, less the cost of sodding, with five per cent. interest thereon from December 11, 1899—$117.62 of said sum being a lien upon lot ten in Madaline Rochester's second addition to the city of LaFayette, Indiana, and $124.26 of said sum being a lien upon lot thirty-six in said addition, and also $100 as and for an attorney fee, $50 of which being collectible from each of said lots. It will not be necessary to set out the special finding in full or in sub-

stance, since but two objections are urged against it, to wit: (1) That the ordinance and contract are void for the reason that they require both cement work and sodding, the one legal and the other illegal, but both inseparably blended; (2) that appellant is not shown to have been notified in writing of the amount of his assessment, and of the place where the same was payable, prior to the commencement of this action, as it is claimed the act of February 22, 1899 (Acts 1899, p. 88), requires.

2. Paragraphs seventeen and eighteen of the special finding are as follows: "That the cost of sodding and the preparation of the ground therefor was worth seventy cents per hundred square feet, and that in front of said lot ten there was 499.2 square feet of sodding, and in front of said lot thirty-six there was 527.4 square feet of sodding, the cost of which was assessed against said lots, respectively, belonging to said defendant Ross; that said cost of sodding in front of said lot ten amounts to $3.49, and the cost of sodding in front of said lot thirty-six amounts to $3.69; that the assessment for said improvement against said lot ten, less the cost of said sodding, without interest, amounts to $99.68, and the assessment against said lot thirty-six, less the cost of said sodding, without interest, amounts to $105.31; that the plaintiffs waive and release all claim against said defendant Ross for the cost of said sodding, which cost amounts to $7.18, or $3.49 against said lot ten, and $3.69 against said lot thirty-six." It is shown by these findings that the illegal elements were capable of exact computation, and were severable from the legal, and in its conclusion of law the court deducted and disallowed the cost of the sodding. This was all that appellant could have rightfully asked or legally obtained by affirmative proceedings in advance of the performance of the work, and he is now in no position to complain. *Adams* v. *City of Shelbyville* (1900), 154 Ind. 467, 49 L. R. A. 797, 77 Am. St. 484.

3.　Paragraph fourteen of the special finding of the court is as follows: "That after such assessment, and more than ten days before the commencement of this suit, the said defendant Alexander Ross was notified' of such assessment, and the amount thereof, and where the same was payable; that he knew at such time, and at all times after such assessments were made, of the amount of such assessments against each of said lots, including interest thereon, and where the same was payable." It is insisted by appellant that the notice required by the act of 1899 (Acts 1899, p. 88, §1) is a condition precedent to the bringing of a suit for the collection of a street assessment, and that such notice must be in writing, and be given by the holder of the assessment. The statute provides that it shall be shown to the court "that at least ten days before the commencement of such suit such owner if found or known was' notified of such assessment, including the amount thereof with interest, and where the same is payable."

The finding of the court is substantially in the terms of the statute. Conceding that the giving of this notice is a condition precedent, there is nothing in the statute requiring the construction that the notice must be in writing, or that it must be given by the holder of the assessment, or the claimant bringing the action. The primary purpose of the act evidently was to prevent the abuse of a legal remedy by the bringing of unnecessary actions to foreclose special assessment liens, and thereby imposing court costs and, attorneys' fees upon the owners of property affected before they had acquired knowledge of the amount of their assessments, or had reasonable time in which to pay the same. The purpose of the statute is accomplished by the giving of a notice, either verbal or written, for the time stated in the terms of the law; and this notice may be given by any one interested in the claim, or by any municipal officer charged with a duty in connection with the making or collection of such assessments. Whether personal

knowledge on the part of the property owner would suffice, and dispense with the necessity of a formal notice of the statutory matters, we need not decide. The court was satisfied from the evidence, as manifested by his finding of the fact, that notice, either oral or written, had been given to appellant for the proper length of time. This satisfies the requirements of the law. *Vinton* v. *Builders, etc., Assn.* (1887), 109 Ind. 351; *White* v. *Fleming* (1888), 114 Ind. 560.

In the case of *Vinton* v. *Builders, etc., Assn., supra,* this court, in construing the mechanics' lien law, said: "There is nothing in the statute under consideration to indicate that the word 'notify' is used in section five of the act, in any other than its primary and literal meaning. On the contrary, we think it clearly appears from all the provisions of the statute, that whenever it was intended by the law-making power that notice in writing must be given, such intention is expressed therein in clear and unmistakable terms. Indeed, the rule is general that, unless otherwise provided by statute, a verbal notice will, in all cases, be as effective as a written notice, provided it conveys the necessary information between the proper parties, at or within the prescribed time." This reasoning is applicable to the point under consideration, and as in that case, so in this, we are clearly of the opinion that a verbal notice is sufficient. The conclusion of law stated by the court was in accord with the facts found, and was in no respect erroneous.

4. Appellant's second paragraph of answer admitted the ownership of the property involved, the proceedings of the council in detail preparatory to making the proposed improvement, and that on the 28th day of August, 1899, one Oliver M. Jumper made his written bid and proposal to do the work at a specified price, and accompanied his bid with a bond; but it averred that the council was without author-

ity to cause sodding to be done, and that the improvement ordinance was for that reason void, and that, after having been awarded said contract, Jumper did not enter into a formal written contract and give a new bond for its performance, and that on September 16, appellant verbally made objection to said contractor, and gave him written notice of his objections to the work for the reason that the contract was invalid, and thereafter continued said objections during the continuance of the work.

The illegal feature of the ordinance and contract appeared upon the face of the complaint, and has been already discussed and disposed of in considering the sufficiency of the special finding of facts to sustain the conclusion of law. If, in this form of action, the existence of a written contract was essential to a recovery by appellees, the burden was upon them to allege and prove it. The complaint contained such an allegation, and in this respect the answer in question was merely an argumentative denial. When the proceedings were had under which the work sued for was done, the law did not require the contract for such work to be formally drawn and signed by the parties, but it might be formed by filing a written proposition containing the essential details, and the acceptance of the same of record by the common council. *City of Logansport* v. *Blakemore* (1861), 17 Ind. 318; *Board, etc.,* v. *Verbarg* (1878), 63 Ind. 107; Elliott, Roads and Sts. (2d ed.), §583.

5. All material facts set up in this paragraph of answer were provable under the issues joined upon the complaint and general denial, and there was no error in sustaining appellees' demurrer to the same.

No error appearing from the record, the judgment is affirmed.