## MILLIKAN ET AL. *v.* CRAIL ET AL.

[No. 21,991. Filed April 24, 1912.]

1. MUNICIPAL CORPORATIONS.—*Public Improvements.—Assessment Liens.—Foreclosure.—Complaint.*—In an action to foreclose assessments on account of public improvements, a complaint, in the title of which. I. C., G. D., and J. W. are designated as plaintiffs, alleging that the firm of C. D. and W. bid on the proposed work, that their bid was the lowest, that they were awarded the contract and entered into a contract and duly executed their bond, entered upon and completed the construction of said improvement according to contract, sufficiently shows that plaintiffs were the contractors for the work, performed it and were entitled to the assessments. p. 428.

2. MUNICIPAL CORPORATIONS.—*Public Improvements.—Notice to Property Owner.—Collateral Attack on Assessments.*—A failure to comply with §8710 Burns 1908, §107 Acts 1905 p. 219, by mailing a notice of a resolution for the improvement of a street to an owner of property affected by such improvement will not invalidate the assessment therefor on collateral attack in an action by the contractor to foreclose the assessment, where, after the assessment roll was made out, notice of such assessments and an opportunity for contesting them was given in accordance with the requirements of §8716 Burns 1908, §111 Acts 1905 p. 219. pp. 428, 434.

3. CONSTITUTIONAL LAW.—*Assessment of Property for Public Improvements.—Notice.—Due Process of Law.*—An assessment of property for public improvements made without notice to the property owner and an opportunity to be heard on the question of whether or not the benefits equal the assessment made against his property at some time before the assessment becomes a finality, is a taking of property without due process of law. p. 429.

4. MUNICIPAL CORPORATIONS. — *Public Improvements. — Jurisdiction.—Notice.*—Notice of an assessment for public improvements is necessary to give jurisdiction of the person and his property and without such notice the assessment is void. p. 430.

5. MUNICIPAL CORPORATIONS.—*Public Improvements.—Assessments.
—Notice.*—The legislature has power to determine the manner in
which notice of an assessment for public improvements shall be
given, and what shall be a sufficient notice.  p. 430.

6. MUNICIPAL CORPORATIONS.—*Public Improvements.—Jurisdiction.
—Resolution.—Notice.*—Notice to a property owner of the pre-
liminary resolution for a public improvement, or of the inter-
mediate steps leading to an assessment against his property, is
not required to give jurisdiction over his person and property.
pp. 430, 433.

7. MUNICIPAL CORPORATIONS.—*Public Improvements.—Determina-
tion of Benefits.—Administrative Act.*—Under §8710 Burns 1908,
§107 Acts 1905 p. 219, the determination by the board of public
works of the question whether the total benefits of a proposed
public improvement will equal or exceed the total cost is an
exercise of administrative and legislative power over the subject-
matter.  p. 433.

8. MUNICIPAL CORPORATIONS.—*Public Improvements.—Foreclosure
of Assessment Liens.—Notice Before Suit.*—Evidence that about
three months before suit was begun, plaintiff's attorney called
on defendant and talked over the matter of the improvement and
the street it was on, for the purpose of reaching an adjustment,
that defendant said he did not care for a written statement so
as to comply with the statute as to the time and place where the
assessment could be paid, that thereafter plaintiff's attorney sim-
ply made out a statement of the amounts the lots covered and
office where they could be paid, shows a substantial compliance
with the provisions of §8721 Burns 1908, §116 Acts 1905 p. 219,
as to notice to a property owner before suit is filed for the fore-
closure of an assessment lien, and is sufficient.  p. 435.

9. MUNICIPAL CORPORATIONS.—*Public Improvements.—Foreclosure
of Assessment Liens.—Attorney's Fees.*—In order to recover at-
torney's fees in an action to foreclose an assessment lien for
public improvements, plaintiff must show the filing of notice in
the *lis pendens* record of the county as provided by §8721 Burns
1908, §116 Acts 1905 p. 219.  p. 437.

From Howard Circuit Court; *Lex J. Kirkpatrick,* Judge.

Action by Ira F. Crail and others against Frank M. Mil-
likan and others.  From a judgment for plaintiffs, the de-
fendants appeal.  (Transferred from the Appellate Court
under §1405 Burns 1908, Acts 1901 p. 590.)  *Reversed.*

*Blacklidge, Wolf & Barnes,* for appellants.
*Harness, Moon & Voorhis, Gifford & Gifford,* for appellees.

Cox, J.—This action was brought by appellees to foreclose assessments made against certain lots belonging to appellants, for the improvement of a street in the city of Kokomo on which they abutted. The court found the facts specially, and stated its conclusion of law thereon, which was favorable to appellees, and rendered judgment for them accordingly. From this judgment this appeal was taken by appellants, who, by proper assignments of error, challenge the sufficiency of the complaint, the correctness of the conclusion of law, and the ruling of the court in denying their motion for a new trial.

It is contended that the complaint is defective and insufficient to withstand a demurrer by reason of a failure to allege that the contract for the work was let to appellees, and facts showing appellees to be entitled to the assessments. We think the complaint is not fairly open to the objection raised to it. In its title, Ira F. Crail, George W. Daniels and John W. Wilson are designated as plaintiffs. It alleges that the firm of Crail, Daniels and Wilson bid on the proposed work; that their bid was the lowest; that they were awarded the contract, and entered into a contract with the board of public works for the performance of the work. It then alleges that the plaintiffs duly executed their bond to the approval of said board for the execution of the contract, and that pursuant thereto said plaintiffs entered upon the construction of said improvement, and in all things completed the same according to the contract. The complaint shows, with adequate certainty, that appellees were the contractors for the work, performed it, and therefore were entitled to the assessments.

Section 107 of the act of 1905 (Acts 1905 p. 219, §8710 Burns 1908), under which this improvement was made, provides that the board of public works, after passing a resolution for the improvement of a street, shall publish a notice of the resolution, naming therein a date and place for hearing remonstrances, and that a like notice

shall be sent by mail to each owner of property affected by the improvement. The court found that the notice of the resolution was published in a daily paper in accordance with the statute, but that no notices were sent by mail to appellants. It was further found that appellants were residents of Indianapolis, and that they had no personal knowledge of the intention of the city of Kokomo to improve the street, or that it was being improved, until after the work was completed. It is contended that as it appears from this finding that there was not full compliance with the statute respecting notice of the preliminary resolution, and of the time and place of hearing upon it, the court's conclusion of law favorable to appellees was erroneous.

It must be kept in mind that this is a collateral attack upon the assessments which the board of works of the city of Kokomo, acting in a *quasi*-judicial capacity, fixed upon the property of appellants, and that many irregularities in the proceeding, which would be fatal to it in a direct attack, will be impotent in this, where only such questions as go to the jurisdiction can be tried.

That the board of public works of the city of Kokomo had jurisdiction of the subject-matter of the proceeding is, of course, not questioned. But it is contended that the mailing of notices to appellants of the preliminary resolution for the improvement, in addition to the published notices, was a step necessary to be taken to acquire jurisdiction over the persons of appellants to authorize a valid assessment against their property. A property owner has a constitutional 3. right to notice of an assessment and to an opportunity to be heard upon the question of whether or not the benefits equal the assessment made against his property, at some time before the assessment becomes a finality. The general rule is that an assessment made without such notice and opportunity for a hearing is a taking of property without due process of law and an invasion of constitutional right. 1 Page and Jones, Taxation by Assessment §119; El-

liott, Roads and Streets (3d ed.) §§517, 699; *Weaver* v. *Templin* (1888), 113 Ind. 298, 14 N. E. 600; *Garvin* v. *Daussman* (1888), 114 Ind. 429, 16 N. E. 826, 5 Am. St. 637; *Kuntz* v. *Sumption* (1889), 117 Ind. 1, 19 N. E. 474, 2 L. R. A. 655; *McEneney* v. *Town of Sullivan* (1890), 125 Ind. 407, 25 N. E. 540.

There must be notice to give jurisdiction of the person and his property, and if there be none there is no jurisdiction, and the proceeding is abortive and the resulting

4. assessment is void. *Hobbs* v. *Board, etc.* (1885), 103 Ind. 575, 578, 3 N. E. 263; *Gavin* v. *Board, etc.* (1885), 104 Ind. 201, 3 N. E. 846; *Board, etc.,* v. *Fahlor* (1888), 114 Ind. 176, 178, 15 N. E. 830; *Scudder* v. *Jones* (1893), 134 Ind. 547, 551, 32 N. E. 221; *Guckien* v. *Rothrock* (1894), 137 Ind. 355, 37 N. E. 17; *Daly* v. *Gubbins* (1905), 35 Ind. App. 86, 73 N. E. 833.

It is within the power of the legislature to determine the manner in which notice shall be given, and what shall be sufficient notice. *Carr* v. *State* (1885), 103 Ind. 548,

5. 3 N. E. 375; *Weaver* v. *Templin, supra; Garvin* v. *Daussman, supra; Johnson* v. *Lewis* (1888), 115 Ind. 490, 18 N. E. 7; *Hobbs* v. *Board, etc., supra;* Elliott, Roads and Streets (3d ed.) §223; 1 Page and Jones, Taxation by Assessment §§121, 122.

While the property owner must have notice at some time before the final assessment is made, in order to give the tribunal, vested with jurisdiction of the subject-matter,

6. jurisdiction over his person and property, and so meet the constitutional requirements of due process of law, it is not required that he shall be notified of the intention to make the improvement nor of the preliminary resolution. Neither is he entitled to notice of every intermediate step in the proceeding leading to an assessment against his property. It is sufficient if notice is given him before the assessment becomes final and conclusive. Page and Jones, Taxation by

Assessment §§125, 727; Elliott, Roads and Streets (3d ed.) §§614, 699.

The Barrett law (§4289 Burns 1901, Acts 1889 p. 237), which governed such proceedings before the present law was enacted, provided that the council or board of trustees should pass a resolution declaring the necessity for the improvement. It also provided that notice of the resolution should be published and property owners given an opportunity to make objection to the necessity for the improvement by remonstrance. This court held under that statute that the giving of such notice was discretionary with the council or board, and that failure to publish the notice did not invalidate the proceedings, the property owners being awarded a hearing on the assessments by a notice fixing a time therefor before they became final. *Quill* v. *City of Indianapolis* (1890), 124 Ind. 292, 23 N. E. 788, 7 L. R. A. 681; *Barber Asphalt Pav. Co.* v. *Edgerton* (1890), 125 Ind. 455, 25 N. E. 436; *Hughes* v. *Parker* (1897), 148 Ind. 692, 48 N. E. 243; *Pittsburgh, etc., R. Co.* v. *Fish* (1902), 158 Ind. 525, 63 N. E. 454.

Counsel for appellants concede the correctness of these decisions, but contend that a difference in the provisions of §4289, *supra,* and §8710 Burns 1908, Acts 1905 p. 219, under which this proceeding was conducted, makes them inapplicable here. The part of §8710, *supra,* material to the question is: ''Whenever the board of public works shall order the improvement of any street, alley, sidewalk or other public place in such city, in whole or in part, it shall adopt a resolution to that effect, setting forth a description of the place to be improved, and full details, drawings and specifications for such work. Notice of such resolution shall be published, which notice shall state that on the day named the board will hear all persons interested, or whose property is affected by the proposed improvements, and will decide whether the benefits that will accrue to the property to be assessed, abut-

ting and adjacent to the proposed improvement and to said city, will be equal to or exceed the estimated cost of the proposed improvements. And a like notice shall be sent by mail to each property owner affected by the proposed improvement: *Provided,* That the mailing of said notice to the names of owners as they appear on the assessor's books of the county in which the land is located shall be considered a compliance with this requirement: *Provided, further,* That nothing contained in this section shall affect the legality of the proceedings.''

The position of appellants' counsel is that the part of the section which specifically provides for a determination by the board, on the day fixed for a hearing, on the preliminary resolution of which notice is to be given, of the question whether the benefits which will accrue to the property to be assessed, abutting and adjacent to the proposed improvement, and to the city, will be equal to or exceed the estimated cost, invokes the exercise of judicial power. And it is contended that as this provision was not found in §4289, *supra,* the decisions above cited do not control; and that appellants were entitled at that stage to notice, and to an opportunity to defeat the proceeding as to their property, by showing then that the benefits to it would not equal or exceed the cost to them. The statute further provides, it is true, that all who appear on the designated day shall be given a hearing on the question of whether the total benefits to the abutting and adjacent property, together with the benefits accruing to the city, are equal to or exceed the estimated cost of the improvement. But such hearing does not involve any inquiry into or determination of the rights of any property owner making objections to the improvement, nor the specific sum to be assessed against any particular piece of property. These are questions which are left to a subsequent stage of the proceedings for notice of which there is provision. And this is true likewise of the question of the proportionate amount of benefits accruing to the property own-

ers and the city and the apportionment of cost accordingly. The determination of the question of whether the 7. total benefits will equal or exceed the total cost, along with the other matters involved in the proceeding at this stage is an exercise of administrative and legislative power over the subject-matter. It is a matter for the board to determine under the discretion given to pass on the necessity for, and the propriety and wisdom of making the improvement. The participation of the property owners at this stage is only advisory. Appellants themselves, being nonresidents, were disqualified by the provisions of the section from interfering with the course of the proceeding by remonstrance. It is uniformly held that notice of 6. the preliminary resolution is not essential to jurisdiction over the person to make the assessment. *Quill* v. *City of Indianapolis, supra; Barber Asphalt Pav. Co.* v. *Edgerton, supra; Hughes* v. *Parker, supra; Pittsburgh, etc., R. Co.* v. *Fish, supra; Brown* v. *Central Bermudez Co.* (1904), 162 Ind. 452, 69 N. E. 150; 1 Page and Jones, Taxation by Assessment §125 and cases cited; Elliott, Roads and Streets (3d ed.) §§614, 699.

As said by this court in *Brown* v. *Central Bermudez Co., supra,* at page 456: "It is not the notice of the passage of the declaratory resolution which gives jurisdiction over the persons of the property owners. * * * Not until the final notice, when the property owners have been brought in, can it be said that the tribunal acts in a *quasi*-judicial capacity. * * * It takes the prior steps by virtue of its jurisdiction over the subject-matter. See, also, *Gardiner* v. *City of Bluffton* (1910), 173 Ind. 454, 89 N. E. 853, 90 N. E. 898.

Furthermore, the provision in §8710, *supra,* that "nothing contained in this section shall affect the legality of the proceedings," can mean nothing if it does not mean that no assessment shall be declared void on account of failure to comply strictly with all the directions given in the section

for conducting the proceeding. The orderly way has been defined, but it is specifically provided that if the method is not exactly followed, the failure shall not nullify the proceeding so as to lay it open to collateral attack. The rule is, that where the constitutional rights of the property owner are protected by provision for notice and hearing on the final assessment against his property, and the statute provides that a defective notice or a failure to give any notice of a preliminary resolution and hearing shall not invalidate the assessment, full effect must be given to such provision, and, in such case, the assessment is not subject to collateral attack. 2 Page and Jones, Taxation by Assessment §770.

As we have seen, this is a collateral attack on the proceedings. After the assessment roll for the improvement involved was made out, notice of such assessments and

2. opportunity for contesting them were given appellants, together with other owners affected, in accordance with the requirements of the statute (§8716 Burns 1908, §111 Acts 1905 p. 219), which are an adequate protection of the property owners' rights in such proceedings. This gave jurisdiction over appellants, and rendered the assessments against their property safe from the assault made upon them in this action on account of the failure to mail to them notices of the preliminary hearing.

Under the alleged error in overruling appellants' motion for a new trial, it is first contended that there was a failure to prove that the contract for the improvement was awarded to appellees, or any fact showing them to be entitled to the assessments sought to be foreclosed. The evidence on this question fully sustained the complaint, and the contention has no foundation in justice. It appears from the evidence that the contract was let to, and made with, the firm of Crail, Daniels & Wilson, consisting of Ira F. Crail, George W. Daniels and John W. Wilson, appellees, and the work finished by them.

It is complained that neither the evidence nor the findings

of the court showed a compliance with that provision of §8721 Burns 1908, Acts 1905 p. 219, relating to the necessary notice and demand for payment before bringing suit to foreclose the assessment, which reads as follows: ''Where the person owning the property affected by such lien does not exercise the privilege of paying the same in installments, no suit to foreclose the lien covering such property shall lie or be filed unless or until such person so owning shall have received fifteen days personal written notice to pay such liens and assessments, which notice shall contain a description of the property covered by the lien, the amount of the lien, and the name and the address of the owner of the same.'' We think a substantial compliance with the statute appears, and that a full and exact compliance with it was prevented only by the attitude of appellant Frank M. Millikan, the owner of the property in question. Mr. Gifford, attorney for appellees, who gave the only testimony on the question, testified as follows: ''About three months before this suit was begun, the fall after the matter was completed in the records, I called upon Mr. Millikan, and went over the matter with him as to the improvement and street it was on, and had this copy with me. The purpose was to try and reach an adjustment. When we could not reach an adjustment, I said, shall I make you out a written statement so as to comply with the statute as to time and place where this could be paid. He said he didn't care anything about that, he knew too much about it then. For that reason I did not present any notice to him at that time. I was at the office again, and simply made out a statement of the amounts the lots covered, and office where they could be paid, but I have no copy of it. I had a copy but that is lost.'' It was the primary purpose of the provision of §8721, *supra,* to prevent the abuse of legal process in bringing what were usually unnecessary suits to foreclose special assessments, often to secure attorneys' fees, thus imposing court costs and attorneys' fees on property owners, in some

cases, before they had other than constructive notice of their assessments. *Ross* v. *Van Natta* (1905), 164 Ind. 557, 74 N. E. 10. It is not claimed that Millikan was not fully informed, by his two conferences with Gifford, of all the matters the statute required a formal notice to him to include. He had the opportunity to pay before suit, not fifteen days before, but a far longer time, and did not; but, on the contrary, elected to contest in a suit the validity of the assessments against his property. It does not appear that the substantial, rather than a strict compliance with the statute harmed appellants in any way.

The court found that certain definite sums representing the amounts of the assessments against the several parcels of appellants' abutting property, and interest thereon, were due and unpaid, together with certain relative sums as reasonable attorneys' fees. It was stated, as a conclusion of law, that appellees were entitled to a judgment in *rem* for the amount of each assessment, together with the sum named as attorneys' fees, and a foreclosure and sale in satisfaction thereof. It is contended that the court's conclusion of law, to the effect that appellees were entitled to recover attorneys' fees, was without either finding of fact or evidence to authorize it. Section 8721, *supra*, grants the right to recover attorney's fees, but provides that "no attorney's fees shall be recoverable in any suit to foreclose any such lien unless the plaintiff or his attorney in such suit shall within one day after the filing of any such suit file in the *lis pendens* record at present provided for by law, of the county where the lands to be foreclosed are situate, a notice of such suit pending, which notice shall set out the number of the case, the court where pending, the names of each and every party to such suit, and a sufficient description of each piece of real estate sought to be foreclosed against."

In actions of this character, the legislature may grant or withhold the right to recover attorney's fees, and may prescribe the terms and conditions upon which they may be re-

covered.   Here appellees were confronted by this inevasible condition to their recovery of attorney's fees.   Before they could so recover they were bound to file the notice required, and make due proof that they had done so.   The court did not find that they had filed the notice, nor is there

9.

any evidence in the record that it was done.   From this it follows that appellees were not entitled to recover attorneys' fees, and the courts' conclusion of law in that respect was erroneous.

For this error the judgment of the trial court is reversed, with instructions to restate its conclusion of law, eliminating therefrom the conclusion that appellees are entitled to recover attorneys' fees, in accordance with this opinion, and to render judgment for appellees accordingly.

NOTE.—Reported in 98 N. E. 291.   See, also, under (1) 28 Cyc. 1061; (2) 28 Cyc. 1135; (3) 8 Cyc. 1108; 36 L. R. A. (N. S.) 40; (4) 28 Cyc. 1145; (5) 28 Cyc. 1146; (6) 28 Cyc. 979; (7) 28 Cyc. 1178; (8) 28 Cyc. 1245; (9) 28 Cyc. 1244.   As to the constitutionality of assessments for local improvements, see 55 Am. Dec. 285.