# HARRAH, SURVIVING PARTNER v. DYER, ADMINISTRATOR.

[No. 22,411. Filed June 6, 1913. Rehearing denied October 10, 1913.]

1. PARTNERSHIP.—*Surviving Partners.—Delay in Final Settlement.—Interest.*—Where a surviving partner failed to make final settlement within two years from the time of filing the inventory, as provided by §9718 Burns 1908, §6052 R. S. 1881, and there was no extension of the time by the court, and no good cause for the granting of an extension, he was liable for interest covering the period of unnecessary delay, since it is the general rule that a surviving partner is chargeable with interest after a lapse of a reasonable time for settlement. p. 233.

2. PARTNERSHIP.—*Surviving Partners.—Continuing Business.— Advances of Money to Widow of Deceased Partner.—Accounting.* —Where a surviving partner continues the business with the permission of the court and the widow of the deceased partner is advanced money out of the business for her support, in determining the amount to which she is entitled on final settlement the amount of such advances should be added to the amount of

funds in the hands of the surviving partner and then subtracted from the amount of her distributive share in the sum so found. p. 234.

3. PARTNERSHIP.—*Surviving Partners.*—*Accounting.*—A surviving partner is not entitled to credit for money paid an expert accountant for assistance in marshaling facts for the final report, since it is the duty of a surviving partner to so keep his accounts that the services of an expert will not be required. p. 235.

4. PARTNERSHIP.—*Surviving Partners.*—*Accounting.*—*Expenses of Suit.*—A surviving partner is not entitled to credit for payments to attorneys for services rendered in a suit against him and his bondsmen, based on various breaches of the bond. p. 235.

5. PARTNERSHIP.—*Surviving Partners.*—*Continuing Business.*—*Accounting.*—*Worthless Notes.*—A surviving partner ordinarily must bear the losses from worthless notes acquired in the continuation of the business, and especially so where the order to continue the business was procured solely at his instance and on the representations that it would be to the best interests of the estate. p. 235.

6. PARTNERSHIP.—*Surviving Partners.*—*Accounting.*—*Loss on Stock Investments.*—Where a surviving partner exchanged the partnership's interest in a local telephone company for stock of equal value in a corporation organized to take over such company, and he thereafter entered into an agreement with the other stockholders not to sell such stock unless all sold, and, pursuant to such agreement, never offered it for sale, he was not entitled to credit for losses by reason of decreases in the value thereof, notwithstanding the fact the exchange for such stock was made by an order of court, and that he never received an offer for same, since it was his duty to dispose of it as promptly as possible in the settlement of the partnership affairs. p. 238.

7. PARTNERSHIP.—*Surviving Partners.*—*Compensation for Winding Up Business.*—Where a surviving partner, on his representation that the continuing of the business would be necessary and beneficial, procured an order to continue the same, contrary to the wishes both of the personal representative and the widow, and no benefit or profit resulted, and he made no effort to sell the business except at private sale, which was set aside and the property resold, and he failed to account until four years after the inventory, he was not entitled to compensation for his services in carrying on the partnership business and winding up its affairs. pp. 238, 242.

8. PARTNERSHIP.—*Surviving Partners.*—*Compensation for Winding Up Business.*—Although there are exceptions arising from

extraordinary circumstances, or growing out of principles of equity, as in cases where the surviving partner does more than the mere work of disposing of the property, collecting the debts and making distribution, or where by continuing the business he realizes a profit in which the estate elects to share, it is the general rule applicable to merchandising partnerships that, in the absence of an agreement therefor in the partnership articles, or a statute providing for it, a surviving partner is not entitled to compensation for winding up the affairs of the partnership. p. 240.

9. APPEAL.—*Assignment of Errors.—Waiver.—Briefs.—*An assignment of error in the overruling of a motion for a new trial is waived by appellant's failure to present it in the brief and state any points and authorities bearing on it. p. 242.

From Greene Circuit Court; *Charles E. Henderson,* Judge.

Exceptions by Fred E. Dyer, as administrator *de bonis non* of the estate of Frank A. Fellows, deceased, to the final report of William B. Harrah, surviving partner of the partnership composed of himself and decedent. From a judgment in favor of the exceptor, such surviving partner appeals. (Transferred from the Appellate Court under subd. 2, §1394 Burns 1908, Acts 1901 p. 565.) *Affirmed.*

*H. C. Shaw* and *Cyrus E. Davis,* for appellant.

*John T. & Will H. Hays, Henry W. Moore* and *William T. Douthitt,* for appellee.

Cox, J.—Appellee as administrator *de bonis non* of the estate of Frank A. Fellows, deceased, filed exceptions to the final report of appellant as surviving partner of the commercial firm of Harrah & Fellows of which firm appellee's decedent was, in his lifetime, a partner. The exceptions filed were extensive, made charges of fraud and wrongdoing against appellant in closing the affairs of the partnership, demanded the addition to the account of many specific items of charge and excepted to many specific credits claimed by appellant in the report.

The issues formed on the report and exceptions were tried by the court. Upon request the court made a special finding

of the facts and stated conclusions of law thereon which were favorable to appellee and a judgment was rendered in accordance with the conclusions of law. From this judgment appellant appeals and relies for a reversal on assignments of error which involve the correctness of certain of the conclusions of law, the action of the court in overruling appellant's motion for a new trial and in overruling his motion to modify the judgment.

The finding of facts shows that appellant and Fellows had been, for a number of years prior to the death of the latter, which occurred, November 18, 1901, equal partners in the hardware business, owning a stock of such merchandise and certain real estate in the town of Worthington; that January 15, 1902, appellant took upon himself the duties of surviving partner under the statute for the purpose of winding up the business as provided by law and filed an inventory showing merchandise on hand of the value of $8,174.66, notes due the partnership $4,018.65, accounts due the partnership amounting to $2,081.89 and telephone stock, $600, making a total of $14,875.20; that March 11, 1902, appellant, without notice to the heirs or legal representatives of the deceased partner, upon representations that it would be to the best interest of the partnership procured an order from the circuit court to postpone the sale of the partnership property and to continue the business of buying and selling until further order of the court, and conducted it without further order until the sale of the stock in bulk, May 26, 1903; that during the time appellant so conducted the business he bought goods at wholesale to the amount of $22,608.31, and sold them at retail at a gross profit of $6,807.75; that he sold the stock in bulk at private sale, May 26, 1903 for $6,100 which sale was approved by the court, and, the finding shows the amount realized was all that the stock was then reasonably worth; that the final report was not filed until August 11, 1908. The account cast by the court in the finding of facts contained many charges which

it was found were properly chargeable against appellant and which aggregated $31,181.38, and credits allowed to the amount of $21,650.64, leaving a balance of $9,530.74. The finding of facts is long and needs only be further set out in connection with a consideration of the specific objections which are made to the conclusions of law.

The conclusions of law were to the following effect: (1) that appellant was legally chargeable with each of the various items shown by the findings making up the aggregate above stated; (2) that he was legally entitled to the credits as shown making the aggregate sum stated above; (3) that he was not legally entitled to certain credits claimed which are set forth in the findings; (4) that the law was with the exceptor and that appellant should pay within 20 days two certain judgments shown by the findings and within 20 days should pay into the hands of the clerk for the use of the exceptor $4,026.08 and that thereupon the final report should be approved and appellant as surviving partner discharged. Appellant excepted to the first, third and fourth conclusions of law.

1. The court found that August 11, 1903, appellant had on hands over and above certain building and loan association stock and rent account also mentioned in the findings, a sum not less than $4,500 above liabilities and that by January 1, 1904, he could have filed his final report; that since that time up to the time of filing the report, August 11, 1908, there had been unreasonable and unnecessary delay in the final settlement and that appellant was chargeable with interest at the rate of six per cent amounting to $1,341. It is contended that the court erred in stating as a conclusion of law that appellant was legally chargeable with this or any amount of interest. The contention cannot be sustained. The statute requires a final settlement within two years from the time of filing the inventory, unless for good cause shown, the court grants a longer time (§9718 Burns 1908, §6052 R. S. 1881). It does

not appear that time was granted, and, manifestly it appears that good cause did not exist upon which it might have been granted. After a lapse of a reasonable time for settlement the rule is that the surviving partner is chargeable with interest. 30 Cyc. 699 (c); 22 Am. and Eng. Ency. Law (2d ed.) 219, (4); 2 Bates, Partnership §§786-789; *Sanders* v. *Scott* (1879), 68 Ind. 130; 4 Ann. Cas. note 180.

2. The court found that after his death, the widow of the deceased partner was allowed to and did run a money account in the store for the support of herself and minor children and was advanced out of the funds of the business $739.28; and that by agreement of the appellant and appellee this sum was to be deducted from any amount found due the exceptor and when so deducted should be a full satisfaction of the claim against the widow. The court added this amount to all the other charges against the appellant and it constituted one item of the total charges against him. The amount was then deducted from the half of the balance of $9,530.74, with which appellant was found chargeable, leaving $4,026.08, the sum awarded to appellee. It is claimed that in charging this item of $739.28 against appellant the court erred. On the contrary we think it quite obvious that the amount was properly added to the sum with which appellant was chargeable. A simple illustration will show the fallacious nature of the claim made in appellant's behalf. If the amount advanced to the widow had been $5,000 and the actual balance in the hands of the appellant had been $10,000, it is at once apparent that the estate of the deceased partner could realize nothing from the $10,000 balance without adding the $5,000 to it, while the surviving partner would keep it all, making two-thirds of the proceeds of the business received by him while the estate of the deceased partner would have received one-third only. On the other hand by adding to the $10,000 balance the sum of $5,000 advanced, the estate of the deceased partner would receive $2,500 after deducting the $5,000 charge

against the distributive share of the estate of $7,500, while the appellant would be left with an equal share, $7,500.

It appears from the finding that appellant employed an expert accountant to examine the books of the partnership from January 1, 1902, to the date of filing the final report and to marshal the facts for the report, and paid him therefor out of the funds of the partnership $200, which the court found was a reasonable charge, but refused to allow the sum to appellant as a credit. In this the court did not err as claimed by appellant. It was appellant's duty so to keep his accounts that the services of an expert accountant would not be required in the preparation of his reports.

It is next contended that the court erred in refusing to allow appellant credit for the sum of $1,621.10, which it is found was paid by him to his attorneys for services rendered in the defense of an action brought in 1904, by appellee against appellant and his bondsmen based on various breaches of his bond and which action resulted in a judgment against appellant which was subsequently reversed by the Appellate Court and was still pending at the time of the finding. The court found that the amount was reasonable but concluded as a matter of law that appellant was not entitled to credit therefor in his settlement. The case was not defended for the benefit of the estate but to save appellant and his bondsmen from liability to it and the court's conclusion was manifestly right.

A further claim is made that the court erred in its conclusions of law in refusing to allow appellant a credit of $1,196.72, represented by worthless notes. It is shown by the finding that full credit was given for all worthless notes held by the partnership at the time of the death of Fellows and that the ones for which the above credit is claimed were all taken by appellant during the time he conducted the business thereafter and before the sale. The purpose of permitting a surviving partner to continue the

business for a time is not primarily to make money but to preserve the business as a going concern for an advantageous sale. And where, as here, the order of court for continuing the business is made at the instance of the surviving partner and upon his representations that it is to the best interest of the estate, it will not serve to protect him in making sales on credit to irresponsible parties. The general rule is that the surviving partner who continues the business must bear losses from bad accounts. 30 Cyc. 636 (1), 637 (2); Henry, Probate Law (3d ed.) §451. The rule is properly applicable here and the court correctly refused to allow the credit claimed. It is perhaps true that where the contract of partnership provided for continuing the business upon the death of either partner, or where it was continued with the consent of the personal representative or heirs of the deceased partner, or where profits far beyond losses were made, equity would permit a credit for losses to a surviving partner who had not been negligent, but the case before us does not require it.

Complaint is made of the refusal of the trial court in its conclusions of law to allow appellant credit for $600, the appraised value of telephone stock, held by the partnership at the time of the death of Fellows, and an assessment made on it thereafter and paid by appellant out of the funds of the partnership amounting to $203.16, and the sum of two judgments amounting to $696.84, which were taken against him on account of further assessments.

The finding of the court with reference to this matter was, that the partnership owned an undivided two-fifths interest in a telephone plant in the town of Worthington, which was inventoried as partnership property and appraised at $600; that at the time of the death of Fellows, and up until March 28, 1902, the property of the telephone plant was worth $2,350; that on said March 28, 1902, the appellant upon his own petition and without any notice to the heirs or legal representatives of Frank A. Fellows

was granted an order by the Greene Circuit Court to invest said interest in a corporation formed for the purpose of taking over said property; that for the interest held by said partnership, thirty-six shares in said corporation, of the par value of $25 each, were taken by appellant, and the transaction was duly reported to and confirmed by the court on April 1, 1902; that at the time of said investment, all the stockholders in such company in good faith believed that said stock was worth par, and that the reorganization of said business would greatly enhance the value of said telephone property; that stock therein was sold to outsiders at par; that there was an agreement between the shareholders, including the appellant, that no one would sell any part of his holdings in said corporation unless all sold; that an effort was made to sell the same within a year or two, and an offer was made by a prospective purchaser, who was ready, able and willing to buy, but unwilling to pay the price demanded; that appellant at no time made any effort to sell the stock of the partnership in said corporation; that the interest of said partnership, both before and after the formation of the corporation, was worth at least $600; that the appellant at no time received any offer to buy said stock, nor did he have any opportunity to sell the interest of said partnership, nor did he offer the same for sale at any time; that later said telephone corporation met with reverses owing to competition and other difficulties, all without the fault of appellant, and growing out of circumstances beyond the control of the officers and stockholders of said company; that it became necessary for the corporation to make an assessment against all the shareholders, under the law of the State, to meet its liabilities from time to time, and was compelled to sell its plant for less than an amount necessary to pay its indebtedness; that in the year 1906, appellant was assessed on the thirty-six shares of stock in said corporation belonging to said partnership and paid out of the funds of said partnership the sum of $203.16, and that

creditors of said telephone corporation recovered judgments in the aggregate sum of $696.84, being the residue of the amount allowed by law to be assessed against the shares of stock so held by the surviving partner in said corporation, and for which the surviving partner is liable; that all the other shareholders were assessed under the law the same as the surviving partner.

It will be noted that the telephone stock at the time of the death of Fellows was worth $600, and was so appraised; that after the interest held by the partnership had been invested in thirty-six shares of the corporation the value of the stock was at least $600.

6. While the investment was made by order of court and confirmed by the court, there was no order directing the appellant to hold said stock, and it was his clear duty under the law to dispose of it as promptly as possible in the settlement of the partnership affairs. The finding shows that after the formation of the corporation the stock was worth par, or $900, but that appellant had entered into an agreement with the other stockholders not to sell unless all sold. In the meantime disaster came upon the company resulting in the losses set out. While it is found that the appellant, neither before nor after the organization of the corporation, ever received an offer for the stock, it is also found that he never offered the same for sale. We think the court was clearly right in charging these losses to the surviving partner. 30 Cyc. 636-640.

7. The contention is earnestly pressed that the conclusion stated by the court that appellant was not entitled to credit for a sum claimed for his individual services in managing the business until its sale and in making settlement of the trust, was erroneous. In relation to this claim for credit the court found that at different times in 1902, the widow of the deceased partner made demand on appellant for the interest of her husband in the partnership, and in September, 1903, the appellee made a like de-

mand; that appellant conducted the business under and by virtue of the orders of the court as stated in other findings and gave his personal supervision to the business and that reasonable pay for such services was $1,400; that reasonable pay for the final winding up of the affairs of the partnership was $100, making a total of $1,500; that during the time from the death of Fellows to February 16, 1903, appellant asked for no order of court to sell the merchandise in bulk, and made no effort whatever to sell the same, but on the date mentioned did file his petition to sell the stock at private sale in bulk and an order was granted March 14, 1903, and the sale made; that appellee filed exceptions to the report of that sale and it was set aside and a resale ordered and made as before stated May 23, 1903; that after the sale ordered in March, 1903, was made and set aside appellee filed an application for a receiver under the provisions of the statute (§9716 Burns 1908, §6050 R. S. 1881), but final action was not taken upon it.

It is claimed by counsel for appellant that having been charged with gross profits realized in conducting the business appellant was entitled to an allowance for services. It may be said that while the finding shows that gross profits resulted from continuing the business, appellant was credited with all proper expenses including clerk hire, and the finding fairly shows that the estate was not benefited by any net profits. The statute of this State relating to surviving partnerships provides: "In case of the death of one partner, the surviving partner or partners shall proceed to settle and close up, as speedily as may be practicable, the partnership affairs in accordance with the law now in force, and the provisions of this act." §9712 Burns 1908, §6046 R. S. 1881. His duties are clearly set out in the act, and if he fails to take upon himself such duties, it is provided that the court having probate jurisdiction shall appoint a receiver who shall settle the partnership affairs. It is also provided that the surviving partner shall settle

such partnership business within two years from filing the inventory unless, for good cause shown, he be granted a longer time. There is no provision in the statute for payment to the surviving partner for his services and the question whether he is entitled to compensation has not, we believe, been determined by this court. Resort, therefore, must be had to the general principles of law and the decisions of other jurisdictions in determining the question.

8. The general rule applicable to merchandising partnerships is that in the absence of an agreement therefor in the partnership articles, or a statute providing for it, the surviving partner is not entitled to compensation for winding up the affairs of the partnership. 2 Bates, Partnership §§770-772; Gilmore, Partnership 356; 30 Cyc. 635; 22 Am. and Eng. Ency. Law (2d ed.) 225 (5); *Porter v. Long* (1900), 124 Mich. 584, 83 N. W. 601 and cases there collected; *Starr* v. *Case* (1882), 59 Iowa 491, 13 N. W. 645; *Washburn* v. *Goodman* (1836), 34 Mass. (17 Pick.) 519; *Consaul* v. *Cummings* (1911), 222 U. S. 262, 32 Sup. Ct. 83, 56 L. Ed. 192; *Williams* v. *Pedersen* (1907), 47 Wash. 472, 92 Pac. 287, 17 L. R. A. (N. S.) 384, 399, where the cases are fully collected in a note; *Condon* v. *Callahan* (1905), 115 Tenn. 285, 89 S. W. 400, 1 L. R. A. (N. S.) 643, 5 Ann. Cas. 659, 112 Am. St. 833, note 843. In *Consaul* v. *Cummings, supra,* it was said in the opinion of the Supreme Court of the United States written by Mr. Justice Lamar: ''Claims of this sort are not favored. They lead to efforts to prove a disparity between the partners, when the law implies equality. They necessitate a balancing of the value of the work of each in securing the business and earning the profits, as well as a comparison of the time they may spend on the matters under consideration. Each partner is bound to devote himself to the firm's business, and there is no implied obligation that, for performing this duty, he should be paid more than his proportionate share of the gains. Neglect by one to do his part may be of such character as to

justify a dissolution. But as long as the firm continues, there is usually no deduction because one partner has not been as active as the other. The same is true where death prevents either of the partners from performing his contract. The law did not permit him to appoint a substitute, nor can his personal representative, no matter how well qualified, assist in winding up the affairs of the firm. Whether that be considered a right or duty, it is in either event cast on the survivor. In performing it he only carries out an obligation implied in the partnership relation, and is therefore entitled to no compensation for thus doing what he was bound to do, and what would have been imposed on the other had the order of their deaths been different. To allow the survivor compensation wherever he continues the business would be to offer an inducement to delay the settlement, which ought to be made as soon as possible.'' There are certain well-recognized exceptions to the general rule where the circumstances are extraordinary and more is done by the surviving partner than the mere work of selling the property, receiving the moneys due the firm, paying the debts and making distribution. Thus where it is necessary to continue the business to realize the most from the assets, and the continuance is by authority of law and is assented to by the legal representative, or to continue it to complete specific work undertaken by the partnership and unfinished at the time of the death of one partner and the completion of the work requires a large amount of work to be done by the survivor, principles of equity permit an allowance for the extra service. And even when the business is continued by the survivor without the consent of the personal representative and a profit is realized such survivor is usually entitled to compensation if the estate elects to share in the profits. 2 Bates, Partnership §773; 22 Am. and Eng. Ency. Law (2d ed.) 225, 226; 30 Cyc. 640; *Consaul* v. *Cummings, supra;* Monographic note, 112 Am. St. 843;

*Condon* v. *Callahan* (1905), 115 Tenn. 285, 5 Ann. Cas. 659, note; Monographic note, 17 L. R. A. (N. S.) 396.

The findings in this case do not, however, bring the appellant within any of the exceptions to the general rule. He did not have the consent of the personal representa-

7. tive of the deceased partner, but, on the contrary, the business was continued against the wishes of both the widow and the personal representative. The authority of the court to continue the business was procured by appellant, by representing that it would be necessary and beneficial, and no benefit or profit resulted. The facts found do not clearly show appellant entitled to the credit for services and the court did not err in refusing it. The long and unreasonable delay in making the final settlement, it may also be said, is not without its influence on appellant's right to claim compensation for his services.

The assignment of error based on the action of the court in overruling appellant's motion for a new trial is waived by a failure to present it in the brief and state any

9. points and authorities bearing on it. The assignment of error founded on the overruling of the motion to modify the judgment has been disposed of by the consideration and determination of the questions arising upon the exceptions to the conclusions of law.

The judgment is affirmed.

NOTE.—Reported in 102 N. E. 14. See, also, under (1) 30 Cyc. 640; (2) 30 Cyc. 632; (3) 30 Cyc. 697, 742; (4) 30 Cyc. 697, 740; (5, 6) 30 Cyc. 630; (7, 8) 30 Cyc. 635, 640; (9) 2 Cyc. 1014; 3 Cyc. 388. As to the effect of death of partner, see 77 Am. Dec. 114; 86 Am. Dec. 600. As to powers and duties of surviving partner, see 65 Am. Dec. 295; 79 Am. St. 709. As to surviving partner's right to compensation, see 112 Am. St. 843; 17 L. R. A. (N. S.) 396; 5 Ann. Cas. 664.