## ROARK ET AL. *v.* VOSHELL ET AL.

[No. 8,452. Filed March 4, 1915.]

1. APPEAL.—*Questions Reviewable.—Briefs.*—There can be no determination of an appeal on its merits, where there has been a total failure by appellant in the preparation of his brief to substantially comply with the requirements of Rule 22 relative to the statement of the record and the questions sought to be presented, and the defects or omissions have not been cured or supplied by the appellee. p. 204.
2. APPEAL.—*Rules of Court.—Effect.*—Rules of court have the force of law and are as binding on the court on appeal as are the decided cases. p. 205.

From Sullivan Circuit Court; *W. H. Bridwell*, Judge.

Action between John Roark and another and Thomas S. Voshell and others. From a judgment for the latter, the former appeal. *Affirmed.*

*Cyrus E. Davis* and *Hunt & Gambill*, for appellants.

*C. B. Kessinger, John T. Hays, Will H. Hays* and *Hinkle C. Hays*, for appellees.

SHEA, J.—Appellees vigorously assail the brief filed by appellants as not conforming to Rule 22 of this court. It is urged that no statement of the record is set out in appellants' brief; that neither the complaint nor the substance thereof is set out; that neither the judgment nor the substance thereof is set out; that neither the motion and reasons for a new trial, nor the filing thereof are set out either in form or in substance. It is urged that no objection or exception is set out as having been made or taken to any ruling of the court, and that no evidence offered and rejected, or admitted over objection, or the evidence offered, or the evidence excluded, or the ruling of the court thereon, or appellants' exception thereto is set out.

It appears from the briefs that the cause was tried upon an amended complaint. Neither the amended complaint nor the substance thereof is set out in the brief. Neither

1.  the motion for a new trial nor the substance thereof is set out in the brief. It is not indicated in the brief that any exceptions were taken to the ruling of the court on the admission or exclusion of evidence. No testimony of the separate witnesses showing that any objection or exception was made to the admission or rejection of such testimony, or the ruling of the court thereon is set out in the brief. An examination of the points and authorities set out in appellants' brief discloses that they rely almost entirely on the failure of the evidence to sustain the finding and decision of the court, but we are unable to determine from appellants' brief whether such an error was assigned in the motion for a new trial. Appellees have supplied none of the omissions, and wholly refuse to argue the merits of the case, relying upon the enforcement of Rule 22. It has been frequently and recently decided that this court can not consider a case upon its merits where the brief fails to conform substantially to the rules in the manner pointed out.

The Supreme Court in the case of *Pry* v. *Ramage* (1911), 176 Ind. 446, 96 N. E. 385, quotes with approval the follow-

ing language from the case of *Schreiber* v. *Worm* (1904), 164 Ind. 7, 10, 72 N. E. 852: "The reason and purpose of the rule is to enable each of the five judges of the court to examine every question presented in each case, and to form an opinion upon it without removing the record from the hands of the judge to whom it has been distributed. When the rule was adopted, it was believed that it would insure a thorough and satisfactory investigation of every case by all the judges, and, where briefs are carefully prepared in accordance with its requirements, the results have been found fully commensurate with the benefits anticipated when the rule was adopted." See, also, *Kramer* v. *Fishback* (1913), 180 Ind. 178, 181, 102 N. E. 831; *Lagle* v. *Moneyweight Scale Co.* (1913), 180 Ind. 463, 464, 103 N. E. 100; *Kaufman* v. *Alexander* (1913), 180 Ind. 670, 672, 103 N. E. 481; *Bennett* v. *Root Furn. Co.* (1911), 176 Ind. 606, 96 N. E. 708; *Carmody* v. *State* (1912), 178 Ind. 158, 98 N. E. 870; *Ellis* v. *State* (1913), 180 Ind. 270, 101 N. E. 626; *Harrah* v. *Dyer* (1913), 180 Ind. 229, 242, 102 N. E. 14. The enforcement of these rules may appear to be unduly harsh at times, but they are of long standing, and have been declared to have the force of law, and this court is bound by them as well as by the decided cases.

Judgment affirmed.

NOTE.—Reported in 108 N. E. 18. See, also, under (1) 2 Cyc. 1013, 1014; (2) 11 Cyc. 742.