## SUPREME TRIBE OF BEN HUR *v*. KRAFT ET AL.

[No. 22,802. Filed June 22, 1915.]

1. APPEAL.—*Record.*—*Questions Reviewable.*—No question is presented on alleged error in overruling a demurrer to a reply where the record fails to disclose the filing of any such demurrer. p. 428.

2. EVIDENCE.—*Corporate Acts and Records.*—Corporate acts and records may be proven by a sworn copy thereof. p. 428.

3. APPEAL.—*Review.*—*Admission of Evidence.*—*Corporate Records.* —There was no error in admitting in evidence what purported to be a copy of defendant's corporate record over the objection that the original only was competent and in the absence of any objection in regard to its verification. p. 428.

4. APPEAL.—*Questions Reviewable.*—*Objections to Evidence.*—An objection to the admission of evidence that it is incompetent, irrelevant, or immaterial is too indefinite to present any question for review. p. 428.

5. APPEAL. — *Briefs.* — *Questions Reviewable.* — Where appellant's brief does not contain a statement of the evidence in compliance with clause 5 of Rule 22, no question is presented on the sufficiency of the evidence. p. 428.

From Posey Circuit Court; *Herdis F. Clements*, Judge.

Action by Clarence O. Kraft and others against the Supreme Tribe of Ben Hur. From a judgment for plaintiffs, the defendant appeals. (Transferred from the Appellate Court under §1405 Burns 1914, Acts 1901 p. 590.) *Affirmed.*

*Charles L. Wedding*, for appellant.
*Elmer Q. Lockyear*, for appellees.

MORRIS, J.—Action by appellees against appellant, an insurance corporation, on a death benefit certificate. There was a trial by the court resulting in a judgment for appellees. Appellant seeks a reversal of such judgment because, as averred, the court erred in overruling its demurrer to the third paragraph of reply to its answer, and in overruling its motion for a new trial.

As to the first error relied on, it is sufficient to say that the record fails to disclose the filing of any demurrer to such

paragraph of reply. At the trial, appellee read in evidence the deposition of John C. Snyder, secretary of appellant corporation, and custodian of its records. The deposition contains what purports to be a copy of a record of the corporation. Appellant objected to the admission of the evidence of such record, because, as urged, it was irrelevant and immaterial, and, because the original, and not a copy of the record, was alone competent to prove its existence, in the absence of excuse shown for failure to produce the original. There was no error. Corporate acts and records may be proven by a sworn copy thereof. §489 Burns 1914, §467 R. S. 1881. *King* v. *Enterprise Ins. Co.* (1873), 45 Ind. 43. No objection was made to the copy in regard to its verification. It has uniformly been held by this court that an objection to a question that it is incompetent, irrelevant, or immaterial presents no question for review. *Hicks* v. *State* (1905), 165 Ind. 440, 441, 75 N. E. 641. If, in any case, it can be held that an objection because the evidence sought by the question is "immaterial" might be sufficient to challenge the action of the trial court, such situation is not here presented, because the evidence admitted was, in our opinion, material to the issues tried. Objection was made to reading in evidence certain questions and answers in the deposition of said Snyder, because the evidence sought by such questions was "incompetent, irrelevant and inadmissible". The objections were not sufficiently definite to present any question for review.

It is contended that the court's decision is contrary to law and not supported by sufficient evidence, but no part of the evidence given at the trial is set out in appellant's brief. Clause 5 of Rule 22 of this court requires that where an appellant relies on the insufficiency, in law or fact, of the evidence to sustain the finding, his brief must contain, in narrative form, a condensed recital of the evidence. Appellant's failure to comply with the

above rule forbids a consideration of the question it seeks to present. Judgment affirmed.

NOTE.—Reported in 109 N. E. 403. See, also, under (1) 2 Cyc. 1040; (2) 17 Cyc. 513; (3) 38 Cyc. 1388; (4) 38 Cyc. 1386; (5) 2 Cyc. 1915 Anno. 1013-36.