ROSE *v.* CITY OF JEFFERSONVILLE.

[No. 22,889. Filed November 21, 1916.]

1. APPEAL.—*Briefs.—Statement of Evidence.*—No question is presented for review on appeal as to the sufficiency of the evidence where appellant's brief gives a part of the evidence of a part of the witnesses, coupled with the mere conclusion of counsel as to what facts were established by the evidence, instead of a condensed recital of the evidence in narrative form as required by the fifth clause of Rule 22 of the Supreme Court. p. 579.

2. APPEAL.—*Review.—Evidence.—Sufficiency.*—Where there is a conflict of evidence on the issues presented, the judgment of the trial court will not be disturbed on appeal for insufficiency of the evidence if there is some evidence to support it. p. 579.

3. APPEAL.—*Review.*—*Evidence.*—*Sufficiency.*—In determining the
sufficiency of the evidence to sustain the judgment, the court on
appeal can consider only the evidence most favorable to appellee,
since it has no power to weigh conflicting evidence. p. 579.

From Clark Circuit Court; *James W. Fortune,*
Judge.

Proceedings on the petition of Franklin M. Rose
for the vacation of a street in the city of Jefferson-
ville, and such city filed a remonstrance. From a
judgment denying vacation, the petitioner appeals.
*Affirmed.*

*Wilmer T. Fox,* for appellant.
*Jonas G. Howard,* for appellee.

ERWIN, J.—Appellant filed his petition in the
Clark Circuit Court for the vacation of Eighth
street, in the city of Jeffersonville, from Wall street
east for a distance of 188.7 feet, more or less, to the
east side of the alley midway of Blocks Nos. 78 and
94. The petition was based on the Acts of 1907
pp. 617, 618, being §§8910-8916 Burns 1914. Ap-
pellee filed its remonstrance alleging that the street
proposed to be vacated is necessary to the growth of
the city; that the vacation would leave real estate
of remonstrant without ingress or egress by means
of a public way; and that such vacation would cut
off the public's access to some church, school or
other public building or grounds. The cause was
tried by the court resulting in a judgment denying
the vacation of the street

Appellant filed a motion for a new trial upon the
grounds: (1) That the decision of the court is not
sustained by sufficient evidence, and (2) that the
decision of the court is contrary to law.

Appellee contends in its brief that appellant's
brief is insufficient to present any question to this
court for decision. It claims that the brief does not

comply with Rule 22 of this court in that under the title of "Statement of the Record" neither the petition, remonstrance, finding of the court, entry showing the filing of the motion for new trial, motion for new trial, entry showing the ruling on the motion for new trial and exceptions thereto, entry showing judgment, nor entry showing the filing of the general bill of exceptions are shown in full or in substance.

It is also contended that the brief does not contain a condensed recital of the evidence in narrative form so as to present the substance clearly and concisely, as required by the fifth clause of Rule 22 of this court. Appellant's brief gives part of the evidence of some of the witnesses and shows that some parts of the evidence have been omitted, except for a conclusion of the writer of the brief as to what the evidence shows. This is not sufficient. That which is required by the rule is the substance of what the witnesses have said in giving their testimony. *Webster* v. *Bligh* (1911), 50 Ind. App. 56, 98 N. E. 73; *Cleveland, etc., R. Co.* v. *Bowen* (1912), 179 Ind. 142, 100 N. E. 465; *McClellan* v. *Thomas* (1915), 183 Ind. 310, 109 N. E. 44. For this reason alone this court is justified in affirming the judgment herein. *Supreme Tribe, etc.* v. *Kraft* (1915), 183 Ind. 427, 428, 109 N. E. 403.

The record in this cause shows that there is a conflict in the evidence upon the issue presented to the trial court. The finding of the trial court must be sustained on appeal if there is some evidence to support it. As this court has no power to weigh conflicting evidence, it can consider only the evidence most favorable to appellee in passing upon the question thus presented by the motion for new trial. *Western Union Tel. Co.* v. *Louisville, etc., R. Co.* (1915), 183

Ind. 258, 108 N. E. 951; *Southern Product Co.* v. *Franklin Coil Hoop Co.* (1915), 183 Ind. 123, 129, 106 N. E. 872.

There being no reversible error presented by the record, the judgment is affirmed.

NOTE.—Reported in 114 N. E. 85.