## ESSINGTON ET AL. *v.* THOMAS.

[No. 10,240.  Filed January 22, 1919.]

APPEAL.—*Briefs.*—*Sufficiency.*—*Waiver.*—Where the only questions presented by appellants' points and authorities require a consideration of the evidence and the finding of facts based thereon, the failure of the appellant to include in his brief a condensed recital of the evidence and the finding of facts, as required by Rule 22, amounts to a waiver of such questions and warrants an affirmance of the judgment.

From the Industrial Board.

Proceedings by Charles E. Thomas for compensation against John Essington and others. From an award for applicant, the defendants appeal. *Affirmed.*

*R. D. Coburn* and *Orbison & Olive,* for appellants.

BATMAN, P. J.—This is an appeal from an award by the Industrial Board in favor of appellee for $60. The only questions which appellants have attempted to present by their propositions or points require a consideration of the evidence and the finding of facts based thereon.

Rule 22 of this court provides that the brief of an appellant shall contain: "A concise statement of so much of the record as fully presents every error and exception relied on, referring to the pages and lines of the transcript. If the sufficiency of the evidence to sustain the verdict or finding, in fact or in law, is assigned, the statement shall contain a condensed recital of the evidence in narrative form so as to present the substance clearly and concisely."

In this case appellants' brief does not contain a condensed recital of the evidence in narrative form, or a statement of the finding of facts on which the award is based, and appellee has not supplied the

same. Under these circumstances appellants have waived all questions which require their consideration, and an affirmance of the award is warranted. *Supreme Tribe, etc.* v. *Kraft* (1915), 183 Ind. 427, 109 N. E. 403; *Rose* v. *City of Jeffersonville* (1916), 185 Ind. 577, 114 N. E. 85; *Fall Creek School Tp.* v. *Shuman* (1913), 55 Ind. App. 232, 103 N. E. 677; *Henderson* v. *Country Pub. Co.* (1914), 57 Ind. App. 414, 107 N. E. 295; *Roark* v. *Voshell* (1915), 58 Ind. App. 203, 108 N. E. 18; *Johnson* v. *Bebout* (1915), 59 Ind. App. 159, 108 N. E. 967.

The award is affirmed, with five per cent. damages as provided by §3 of the amendment of 1917, Acts 1917 p. 154, §8020q2.*et seq.* Burns' Supp. 1918.