### WILLIS ET AL *v.* KNAUTH.

[No. 11,340.   Filed December 12, 1922.]

1. APPEAL.— *Review.*— *Admission of Evidence.*— *Scope of Review.*—*Briefs.*—*Specification of Errors.*—The only objections to the introduction of evidence which the court on appeal will consider are those made in the court below at the time of the offer, and, to present a question with reference thereto, the complaining party must set out in his brief what such objections were.   p. 116.

2. APPEAL.— *Questions Reviewable.*— *Objections to Evidence.*— An objection to the introduction of evidence on the ground "that it is not competent or relevant for any purpose" is too indefinite to present any question for review on appeal.   p. 116.

3. MECHANICS' LIENS.—*Action on Contractor's Bond.*—*Basis of Action.*—In an action by a subcontractor on a contractor's bond to recover a balance due for furnishing and installing the plumbing and heating equipment for a building, the bond being "made for the benefit of all persons who may become entitled to liens under" the building contract, *held* that de-

fendant contractor's building contract did not constitute a part of the basis of plaintiff's cause of action. p. 117.

4.  LOST INSTRUMENTS.—*Establishments.—Parol Proof.—Copy.*— Where an instrument is shown to be lost, its contents may be established by parol proof or an exact copy or a combination of the two methods. p. 117.

5.  APPEAL.—*Review.—Evidence.—Sufficiency.—Lost Instrument. —Incomplete Restoration.— Affirmance.*— On appeal from a judgment in favor of a subcontractor in his action on a contractor's bond for plumbing and heating apparatus installed in a building, a reversal for insufficiency of the evidence is not warranted because of a mere possibility that certain omitted portions of the lost building contract, which was established by the introduction of an exact copy of the original, except that it did not contain a copy of certain specifications, might have been favorable to appellants, especially where they made no claim that the equipment involved was not furnished and installed in full compliance with the contract. p. 117.

From Sullivan Circuit Court; *William H.. Bridwell,* Judge.

Action by Victor Knauth against T. Frank Willis and others.   From a judgment for plaintiff, the defendants appeal.   *Affirmed.*

*Kessinger & Hill* and *James M. House,* for appellants.
*William A. Cullop* and *Lindley & Bedwell,* for appellee.

BATMAN, J.—On May 29, 1916, appellant T. Frank Willis and one T. J. Oliphant entered into a written contract whereby the former was to construct for the latter a six-story, fire-proof office building, according to certain plans, specifications and drawings.   On June 5, 1916, the said Willis, together with his coappellants Klemeyer and Davis, executed to said Oliphant a bond in the sum of $20,000, which by its terms, should be void if said Willis should perform his part of said contract, pay all indebtedness incurred by him in so doing, complete the building free of mechanics' liens, etc.   Said bond also contained the following provision:   "This bond is made for the use and benefit of all persons who may become entitled to liens under the said contract, ac-

cording to the provisions of law in such cases made and provided, and may be sued upon by them as if executed to them in proper person." . This action was instituted by appellee on said bond, to recover a balance which he claimed to be due him for furnishing and installing the plumbing and heating equipment for said building, as provided in said contract. After issues were joined, the cause was submitted to the court for trial, resulting in a judgment in favor of appellee. Appellants filed a motion for a new trial, which was overruled, and this action of the court constitutes the only error assigned on appeal.

Appellee has raised a number of questions with reference to appellant's brief, some of which appear to have merit, as disclosed by the opinions in the following cases, but which we have not considered, in view of the conclusion reached with reference to the questions which appellants have attempted to present: *Board, etc.* v. *Shedd* (1920), 72 Ind. App. 160, 125 N. E. 656; *Clemens* v. *Stoner, Exr.* (1920), 73 Ind. App. 370, 126 N. E. 487; *Rose* v. *City of Jeffersonville* (1916), 185 Ind. 577, 114 N. E. 85; *Thomas* v. *Hennes* (1922), 78 Ind. App. 275, 135 N. E. 392.

Appellants complain of the action of the court in admitting certain evidence, and state in their brief that they objected to its introduction on the ground 1, 2. "that it is not competent or relevant for any purpose." It is well settled that the only objections to the introduction of evidence which this court will consider are those made in the court below at the time of the offer, and that, to present a question with reference thereto, the complaining party must set out in his brief what such objections were. *Irvine* v. *Baxter Stove Co.* (1919), 70 Ind. App. 105, 123 N. E. 185; *American, etc., Co.* v. *Indianapolis, etc., Fuel Co.* (1912), 178 Ind. 133, 98 N. E. 709. Since the only objection to the evidence

in question, shown by appellants' brief in their statement of the record, was, as quoted above, we will assume that it was the only one made, and hold that no question is presented for our determination. *Supreme Tribe, etc.* v. *Kraft* (1915), 183 Ind. 427, 109 N. E. 403; *Malott* v. *Central Trust Co.* (1906), 168 Ind. 428, 79 N. E. 369, 11 Ann. Cas. 879.

The only remaining question, which appellants have attempted to present in their propositions or points, relates to the sufficiency of the evidence to sustain the decision on which the judgment is based. The contention in this regard is, that the contract between said Willis and Oliphant for the construction of the building in question forms a part of the basis of appellee's action; that, this being true, it was essential to his right of recovery, that such contract be introduced in evidence; that the original thereof was not so introduced, and secondary evidence was given of only a portion of the same. We cannot agree that appellee's action is based in part on the contract between appellant Willis and said Oliphant, but, on the contrary, hold that the bond given to secure its performance is the foundation of the action. *Conn* v. *State, ex rel.* (1890), 125 Ind. 514, 25 N. E. 443; *Harris* v. *International, etc., Constr. Co.* (1916), 62 Ind. App. 64, 112 N. E. 532. While this is true, appellee could not have recovered by introducing the bond alone, as it was necessary for him to show that he performed labor or furnished material in the construction of said building, by reason of which appellant Willis became indebted to him, and for which he was entitled to a lien thereon.

There was evidence tending to show that the original contract was lost, and on which the court admitted secondary evidence of its contents. Appellants do not claim that this showing was insufficient, but contend that evidence of the entire contract should

have been given, which they insist was not done.    Where an instrument is shown to be lost, its contents may be established by parol proof, or the introduction of an exact copy thereof.    *Barnett* v. *Lucas* (1901), 27 Ind. App. 441, 61 N. E. 683; *C. Callahan Co.* v. *Dahm* (1921), 76 Ind. App. 492, 132 N. E. 599; *Hitt* v. *Carr* (1915), 62 Ind. App. 80, 109 N. E. 456.    It follows, as a matter of course, that such contents may be established partly by one of such methods and partly by the other.    In the instant case appellee introduced what the evidence shows was an exact copy of the contract in question, except that it did not contain a copy of the plans, specifications and drawings mentioned therein, or a few typewritten pages relating to the plumbing, and certain changes in the plans and specifications, made before the contract was executed.    There was no direct evidence as to the contents of the omitted parts, but we are clearly of the opinion that the court was warranted in drawing an inference from the facts proven, that such omitted portions provided, among other things, for the installation in said building of the plumbing and heating equipment which is the basis of appellee's claim.    Appellants make no contention to the contrary, nor do they claim that the equipment in question was not furnished or installed in full compliance with the contract.    This being true, we are unable to see how appellants were harmed by appellee's failure to introduce evidence, covering the details of the walls, roofing, plastering, painting, etc., or even the details as to the plumbing and heating equipment, or any changes made in the plans and specifications prior to the execution of the contract.    While such evidence would have been proper, as the facts relating thereto constitute a part of the entire contract, we would not be warranted in reversing the judgment on the mere possibility that such omitted portions might contain some fact helpful to appellants, and especially

since they had an opportunity to introduce evidence thereof, and failed to do so, and now make no claim that any such fact exists. The ends of justice would not be promoted by a reversal of the judgment under such circumstances, even if it could be said that technically an error had been committed. Appellants having failed to show that the court erred in overruling their motion for a new trial, the judgment is affirmed.