STRATHMANN *v.* STATE OF INDIANA.

[No. 13,583.   Filed May 10, 1929.]

*Arthur R. Robinson, Frank A. Symmes* and *Garth B. Melson,* for appellant.

*Arthur L. Gilliom,* Attorney-General, and *U. S. Lesh,* for the State.

LOCKYEAR, J.—The appellant was, on July 14, 1924, indicted and charged with the unlawful manufacturing, transporting, selling, bartering, exchanging, giving away, furnishing and otherwise disposing of intoxicating liquor, the prosecution being based upon §4 of the Indiana Prohibition Law, as amended in 1923, Acts 1923 p. 70.

The appellant filed a plea in abatement wherein he alleged that, on or about August 11, 1923, a certain affidavit was filed against him in the city court of the city of Indianapolis, Indiana, wherein he was charged in six separate counts with various alleged liquor-law violations; that certain of said charges were identical with the charges contained in the indictment herein, that he was arrested and appeared in the city court to answer said charges; that said city court had jurisdiction of him and the offenses charged against him; that, on September 14, 1923, he filed in said court his written motion to quash the affidavit for search warrant, to quash the search warrant and return thereon and to suppress evidence claimed to have been secured and ascertained by reason thereof; that thereafter, the city court sustained his motion to quash the affidavit for search warrant, search warrant and return thereon, and to suppress the evidence secured and ascertained by reason of said alleged unlawful search and seizure; that thereupon the State moved the court to dismiss the said affidavit against the defendant herein, and said motion was sustained; that thereafter, appellant was arrested upon a capias issued out of this court to answer the charge in the indictment, upon which he is now being prosecuted. The State filed a demurrer to the plea in abatement, which was sustained and excepted to by appellant.

A trial on the merits resulted in a conviction, hence the appeal. The errors relied on for reversal are the sustaining of the demurrer to the plea in abatement and the overruling of the motion for a new trial.

The first contention of appellant is that the proceedings in the city court to quash the search warrant, and suppressing the evidence learned by the reason of the search, and the dismissal of that action bar the prosecution in the instant case. This contention cannot prevail. This action is a new and

independent action, and the action of the city court or what was done in the city court has no bearing on the proceedings in the Marion Criminal Court and is not sufficient to abate this action.

The next contention is that the finding of the court is not sustained by sufficient evidence. William Cox, State witness, testified as follows:

"Am Lieutenant of Police. Arrested defendant. Went to his home at 4220 Central Avenue. Defendant came there after we got there. No one was there when I got there. We waited until Mr. Strathmann came home. I had a search warrant for the place at the time, which I read to Mr. Strathmann. Had conversation with him, in which I asked him if he had any liquor there. He said 'I have a little wine.' We went down in the basement, and in a room in the northeast corner of the basement we found several barrels of wine. In another room, there was a big ice box and in that ice box was bottle beer. In this same room, there was an electric pump. We found 722 gallons of wine, 620 quarts of beer, 302 pints of beer and two quarts of grain alcohol in two quart bottles. Had conversation with Mr. Strathmann about the wine there. He said that neither he nor his wife used it, and that he had a man come there and make it and that the beer was as fine a beer as was ever in Indianapolis. Also discovered in the cellar 820 gallon jars, three bottle cappers, two bottle holders and twenty-five short pieces of hose. There were pint bottles of beer in the shelves in the room where the ice box was, and the cooler and grain alcohol were in there too. There were some little cards stuck in between the beer bottles and I asked him, 'What is this,' and he said, 'This is the analysis of that beer and will tell you all about it.'"

Large quantities of malt, wine and beer were found, and they contained alcohol as follows:

| | |
|---|---:|
| Wine No. 1 | 14.28% |
| Wine No. 2 | 10.80% |
| Wine No. 3 | 10.82% |
| Beer | 4.20% |

There was found, of this kind of liquor, 722 gallons of wine, 620 quarts and 302 pints of beer and two quarts of grain alcohol.

The appellant's motion for a new trial is based upon alleged error of the court in sustaining the State's demurrer to the defendant's plea in abatement, error occurring during the trial of permitting certain witnesses to testify, and also that the finding of the court is contrary to law and is not sustained by sufficient evidence. It has been held that objections to the admission of evidence must be specifically stated to the trial court, and the same objections must be brought before the Appellate Court and set out in appellant's brief. *Mallott* v. *Central Trust Co.* (1906), 168 Ind. 428, 79 N. E. 369, 11 Ann. Cas. 879; *Conrad* v. *Hansen* (1908), 171 Ind. 43, 85 N. E. 710; *Hicks* v. *State* (1905), 165 Ind. 440, 75 N. E. 641; *Musser* v. *State* (1901), 157 Ind. 423, 61 N. E. 1; *Ohio and Mississippi R. Co.* v. *Walker* (1888), 113 Ind. 196, 15 N. E. 234, 3 Am. St. 638; *Gray* v. *Blankenbaker* (1918), 68 Ind. App. 558, 121 N. E. 84; *Willis* v. *Knauth* (1922), 79 Ind. App. 114, 137 N. E. 557.

The appellant's brief does not show any grounds upon which a single objection was made to the introduction of evidence offered in this case, and no motion was filed in Marion Criminal Court to suppress any evidence.

There is no showing, nor is there any claim that the appellant has been put twice in jeopardy for the same offense. The finding of the court is sustained by sufficient evidence and is not contrary to law.

Judgment affirmed.