THE TOLLESTON CLUB OF CHICAGO *v.* CLOUGH.

146    93,
j190US472j

[No. 17,550.   Filed April 16, 1896.   Rehearing denied Oct. 14, 1896.]

QUIETING TITLE.— *Sufficiency of Complaint.*—In an action to quiet title to certain land consisting of several parcels, the allegation in the complaint, "That the defendant claims some interest therein adverse to the plaintiff's, which claim is without right and unfounded, and a cloud upon plaintiff's title," sufficiently charges adverse and unfounded claim by defendant.

PUBLIC LANDS.—*Description Of.*—The boundaries of lots patented by

The Tolleston Club of Chicago *v.* Clough.

the United States as numbered lots of their respective sections, cannot extend beyond the boundaries of the sections themselves.

REAL ESTATE.—*Description in Deed of Conveyance.*—In a description of real estate as ''The S. half (or lots 1, 2, 3 and 4), Sec. 20,'' the particular reference to lots control the general description.

COUNTY SURVEYOR.—*Location of Meander Line.—Boundary.*—The location of a meander line by a county surveyor cannot establish that meander as a boundary unless the notice and other proceedings show that such was the purpose of the survey.

From the Lake Circuit Court. *Affirmed in part, and reversed in part.*

*J. W. Youche* and *E. D. Crumpacker*, for appellant.

*Flower, Smith & Musgrave*, and *P. Crumpacker*, for appellee.

HOWARD, J.—This action was commenced by the appellee, in the circuit court of Lake county, against the appellant, to quiet his title to certain real estate in said county. In his complaint appellee alleges that he is the owner in fee-simple of all that part of sections 17, 19 and 20, in township 36, range 8, situated south of the thread of the Little Calumet river, and asks to have his title thereto quieted.

A demurrer having been overruled to the complaint, the appellant filed an answer disclaiming all interest in the lands described in the complaint, except in that part of said lands included between the meander line and the thread of the river, and denying the allegations of the complaint as to the lands so excepted.

There was a finding and decree quieting appellee's title to all the lands claimed by him. The appellant filed its motions to modify the findings and also the judgment, so as to exclude from the lands to be quieted in appellee all lands between the meander and the thread of the stream, and also that part of section 17 lying south of the river.

The subjoined is a plat of sections in which land in controversy is situated.

The Tolleston Club of Chicago *v.* Clough.

Appellant's objection to the sufficiency of the complaint, is that there is in it "no allegation that the claim is adverse to the plaintiff, nor that the defendant's claim is unfounded."

The allegation made in the complaint in regard to appellant's claim to the land is: "That the defendant claims some interest therein, adverse to the plaintiff's, which claim is without right and unfounded, and a cloud upon plaintiff's title." This we think sufficient. The fact that the land whose title is sought to be quieted consists of several parcels is immaterial. Appellee claims to be the owner of it all, and alleges an adverse and unfounded claim by appellant. The allegations as to appellant's claim reach to the whole claim made by appellee.

* Many of the questions discussed by counsel under the remaining assignments of error have already been considered by this court in the case of the *Tolleston Club* v. *The State*, 141 Ind. 197. The fact that questions decided in that case should be discussed anew in this, may, perhaps, be accounted for by the circumstance that although the case against the State was begun over three years later than the case at bar, yet that case was appealed to this court and decided before the appeal in the case at bar was taken.

The appellee, as shown by the evidence, derives title by patent from the United States, under the swamp

land act of 1850, based upon the plat of the original United States survey of 1834, through mesne conveyances to Ira O. Dibble, and by a deed to himself from the executors of Ira O. Dibble.

The appellant claims under an act of Congress of 1870 for the survey and sale of lands included between the meander lines of the Little Calumet river, contending that the lands between said meanders had not been included in the survey of 1834.

The lands here in dispute are a part of the lands in controversy in the case of the *Tolleston Club* v. *The State, supra.* There it was held that the lands between the meanders of the Calumet river, including the bed of the river, were fully surveyed in 1834, and the lands so surveyed all conveyed by patent to the State before 1870; and therefore that the government, not having any such lands unsold or unsurveyed in 1870, the act of Congress for that year and all proceedings thereunder were wholly void. It follows that the appellant in the case at bar, as also in the case against the State, could have no title under the act of 1870, and the survey thereunder, as here claimed.

The lands conveyed to appellee by the executors of Ira O. Dibble, as described in the inventory appraisement, executors' deed and other papers and proceedings in the court having charge of the settlement of the estate of said decedent, omitting the acreage in each description, are as follows:

"Lot one, Sec. 19, T. 36, R. 8. Part lots two and three, commencing 50 rods north of the S. E. cor. of said lot two, thence W. 160 rods, thence N. to N. line of said lot three, thence easterly along the N. line of said lots to the N. E. cor. of said lot two, thence S. to the place of beginning, being a part of Sec. 19, T. 36, R. 8. The S. half (or lots 1, 2, 3 and 4), Sec. 20, T. 36, R. 8."

In the executors' report of sale, the last description is written: "The S. half of lots 1, 2, 3 and 4, Sec. 20, T. 36, R. 8." But counsel for appellant concedes that here also "probably this word 'of' is a mistake of the scrivener and should read 'or.' "

An examination of all the proceedings of the court in relation to the executors' sale of the land in question makes it evident that the intention was to sell to appellee all the land held by the decedent by virtue of the original patents from the United States and from the State for the same fractional lots. Whatever land, under these descriptions, the decedent, Ira O. Dibble, might claim through his patents, that the appellee may claim by reason of his purchase from the executors of said decedent. All was sold through the court proceedings that could be sold, that is, all that had been owned by Ira O. Dibble.

Under the holding in the case of the *Tolleston Club* v. *The State, supra*, it is plain that the lots described, being lot one and parts of lots two and three, in section 19, and lots one, two, three and four, in section 20, all extend north to the north section lines of their respective sections. But as the appellee, in this action, claimed only to the thread of the Little Calumet river, it is of course apparent that his title will be carried only to the thread of the stream so claimed by him as his northern boundary. It is clear, also, that where, in any case, the north section line is south of the river, in such case the north boundary will be limited to the north line of the section. The territory having been surveyed into full and uniform sections, and the lots patented as numbered lots of their respective sections, the boundaries of the lots cannot extend beyond the boundaries of the sections themselves.

Vol. 146—7

It follows, that all land claimed by appellee in sections 19 and 20 was properly decreed to him by the court. The claim made by appellee, however, to a part of section 17 was incorrectly allowed. The motion to modify the judgment in this particular should therefore have been sustained.

Counsel for appellant argue that the description of the lots in section 20 as, "The S. half (or lots 1, 2, 3 and 4), Sec. 20," shows that not more, at most, than the south half of section 20 should be decreed to appellee. We think the particular reference to lots in this description must control the general description which precedes. Besides, as already shown, it is evident from all the court proceedings that it was the intention in the executors' sale to convey to appellee the whole interest of the estate of Ira O. Dibble.

Counsel also contend that the record of a survey made by the county surveyor in 1883 discloses the fact that the meander line was then established as the boundary between the lands of appellant and appellee. A reference to that record, however, makes it evident that the survey in that case, as stated in the notice of the survey, was not to establish any boundary, but only "to locate, mark, establish and perpetuate: The following corners and meander lines established by the government surveys made in June, 1835," etc. The location of a meander line by a county surveyor cannot establish that meander as a boundary, unless the notice and other proceedings show that such was the purpose of the survey.

The judgment is affirmed as to all the land in sections nineteen and twenty lying south of the thread of the Little Calumet river, in township 36 north, range 8 west, decreed to be owned in fee-simple by appellee; and reversed as to all the land in section seventeen, said township and range, decreed to be

owned by appellee, with instructions to the court to sustain the motion to modify said judgment and decree as to the lands in said section seventeen; and when so modified said judgment is affirmed at the costs of appellant.