Duncan *v.* Lankford, Treasurer.

---

DUNCAN *v.* LANKFORD, TREASURER.

[No. 17,856.   Filed May 26, 1896.]

PLEADING.—*Collateral Attack.—Former Adjudication.—Injunction. —Drainage.*—A suit to enjoin the collection of a portion of an additional ditch assessment, the correctness and legality of which have been adjudicated, is a collateral attack, and cannot be sustained on the ground that the original assessment should have been deducted therefrom.

APPEAL AND ERROR.—*Harmless Error.—Answer.—Demurrer.*—Error in overruling a demurrer to a paragraph of answer is harmless, when the case is decided upon evidence which is admissible under other pleadings.

From the Morgan Circuit Court.  *Affirmed.*

*O. Mathews,* for appellant.

*W. R. Harrison,* and *M. H. Parks,* for appellee.

McCABE, J.—This was a suit brought by the appellant, against the appellee, as treasurer of Morgan county, to enjoin the collection of a portion of a ditch assessment against the lands owned by the appellant. He tendered that part of the assessment, the validity of which he did not dispute.   The amount which he tendered was $65.00.

The complaint was in two paragraphs, the second being to quiet the plaintiff's title to the land in question against an unfounded lien, asserted thereon by

the defendant, concluding with a prayer for an injunction against the same, and the removal of the cloud thereby cast upon plaintiff's title.

The defendant answered in two paragraphs, the first of which was a general denial, and the second in confession and avoidance. The court overruled a demurrer to the second paragraph for want of sufficient facts, and the issues were closed by a reply thereto in denial. A trial of the issues by the court, without a jury, resulted in a general finding for the defendant, on which he had judgment over the plaintiff's motion for a new trial.

The ruling on the demurrer to the second paragraph of the answer, and that overruling the motion for a new trial are assigned for error.

The second paragraph of the answer is as follows: "For further answer he says: that all the matters set forth in his complaint were fully adjudicated and determined in a certain ditch proceeding in the circuit court of Morgan county, wherein Johnson Wooden, *et. al.*, were plaintiffs, and said plaintiff, Aetna Insurance Company, and others, were parties and defendants, which proceeding was determined on the 3d day of October, 1892, and the said assessment of benefits, alleged in plaintiff's complaint, was fully ratified and confirmed, and defendant, as treasurer, directed to collect the same, as other taxes are collected, and which judgment remains in full force and unappealed."

It may be conceded that the paragraph did not state facts sufficient to constitute a former adjudication, but it does not necessarily follow that the error in overruling the demurrer thereto was a material and harmful one.

The substance of the complaint is that the amount originally assessed as the benefits to the plaintiff's

land, derived from the construction of said ditch, was $70.00, and that such assessment, having been made while the land belonged to one Whitaker, and that the Aetna Insurance Company held a mortgage on it, and afterwards bought the land in on a foreclosure sale under said mortgage; that while said company so held the land it brought suit against the drainage commissioner, and recovered a judgment and decree, perpetually enjoining the whole of said assessment, because its mortgage was prior to the lien of the assessment, and it had not been notified of the proceedings in the circuit court of the county wherein the ditch was established, and that plaintiff had subsequently purchased the land of said company; that afterwards proceedings were had in the circuit court, on petition for an additional assessment on all the lands originally assessed to supply a deficit; that in such additional assessment the drainage commissioners caused a certificate to be filed, showing the amount of the original assessment, together with an additional assessment of $65.00 against said lands of plaintiff, whereupon the said auditor, without authority of law, placed the same upon the delinquent tax duplicate.

Under the issue made by this complaint, and the general denial, these proceedings in the circuit court, establishing the ditch, the making of the original assessment, and the additional assessment, were admissible in evidence. Indeed, the record shows that the plaintiff introduced in evidence the record of those proceedings himself, without which he could not make out his case. And it appears from them that the additional assessment on appellant's lands was in the sum of $135.00. And it seems that the appellant supposes that the $70.00, the amount originally assessed and enjoined, should be deducted from the amount of the additional assess-

ment. But there is no evidence to show that the additional assessment was designed to embrace the benefits originally assessed. Be that as it may, the legality and propriety of the additional assessment, as the record of those proceedings shows, were vigorously contested before the circuit court, with all the parties in interest before it; and that court ratified and confirmed such additional assessment in the full sum of $135.00. The correctness and legality of the action of the circuit court in that matter cannot be inquired into by this collateral action, to enjoin the collection of a portion of such additional assessment. This is nothing more nor less than a collateral attack upon the proceedings of a court of competent jurisdiction. Such an attack cannot be maintained, be the proceedings ever so erroneous. *Bowen, Treas.,* v. *Hester,* 143 Ind. 511, and authorities there cited.

This evidence was admissible under the issues without the second paragraph of the answer, and therefore, under the rule established by section 348, R. S. 1894 (section 345, R. S. 1881); *Baker* v. *Pyatt,* 108 Ind. 61; *Lake Shore, etc., R. W. Co.* v. *Kurtz,* 10 Ind. App. 60; *Miller* v. *Bottenberg,* 144 Ind. 312, the error in overruling the demurrer to it was harmless, because the finding of the court, as appears from the whole record, is founded upon that evidence. There was no other evidence offered or given of the nature of the facts stated in the second paragraph of answer. The circuit court could not have correctly found any other way, under the evidence, than for the defendant. There was no available error in the ruling on the demurrer to the second paragraph of the answer, and there was no error in overruling the motion for a new trial.

Judgment affirmed.

JORDAN, J., took no part in the decision.