## DITTMAN ET AL. v. KELLER ET AL.

[No. 8,227.  Filed February 3, 1914.]

1. MINES AND MINERALS.—Oil and Gas Leases.—Construction.—A lease of lands for the "sole and only purpose of operating for oil, or gas and mineral" for the period of five years, and as much longer as the premises should be operated for oil and gas, and providing that "if operations for oil or gas cease for a period of sixty days", the lease shall be null and void at lessor's option, is unambiguous and is not subject to the construction that it could be forfeited only at the expiration of sixty days after the full term of five years had expired.  p. 451.

2. CONTRACTS.—Leases.—Enforcement.—An unambiguous lease or contract will be interpreted and enforced according to the plain meaning of its provisions, where nothing is shown that changes the rights of the parties as therein expressed.  p. 451.

3. MINES AND MINERALS. — Oil and Gas Leases. — Construction. — Forfeitures.—An ordinary oil and gas lease will be construed in the light of the fact that its central purpose is that of development, and where forfeiture is provided in case of a failure to develop as stipulated in the lease, such forfeiture will be declared and enforced where the party seeking the relief brings himself within the provisions authorizing same.  p. 451.

4. MINES AND MINERALS.— Oil and Gas Leases.— Construction.— Under an oil and gas lease providing that should "the party of the second part feel justified in drilling more than one well, then the parties of the first part are to share equally in all expenses pertaining to the drilling * * * of the same", and that "the price of drilling additional wells shall be at the customary market price for drilling wells in the district", the lessors were not required to tender payment of one-half the cost of a second well as a condition precedent to the right to forfeit the lease for failure to operate for a period of sixty days as therein provided.  p. 451.

5. APPEAL.— Review.— Evidence.— Findings.— Where there is evidence tending to support the finding of the court, the judgment will not be reversed for insufficiency of evidence.  p. 452.

From Knox Circuit Court; Orlando H. Cobb, Judge.

Action by John H. Keller and another against V. W. Dittman and another.  From a judgment for plaintiffs, the defendants appeal.  Affirmed.

*W. A. Cullop* and *John Downey,* for appellants.

*E. B. Green* and *Theodore G. Risley,* for appellees.

FELT, J.—On August 17, 1906, appellees executed to appellants a contract, or lease of certain lands for the period of five years, and as much longer as the premises should be operated for oil or gas, for the "sole and only purpose of operating for oil, or gas and mineral, and of laying pipe lines and building of tanks, stations thereon to take care of said products." The lease contains the following provisions: "It is agreed that the parties of the first part shall receive one-half profits from all wells, the first well to be drilled at the expense of the parties of the second part, and should party of the second part feel justified in drilling more than one well, then the parties of the first part are to share equally in all expenses, pertaining to drilling and taking care of the same; and should no oil or gas be found, then the parties of the second part have the right to remove all casing, machinery and fixtures used in the drilling of the first well; the casing, machinery and fixtures of the first well to remain the property of the parties of the second part. It is further agreed that in case the parties of the second part elect to drill more than one well, then the price of drilling additional wells shall be at the customary market price for drilling wells in the district or field in which the land is situated * * *. The parties of the second part agree to commence operations on or before the 20th day of Sept. A. D., 1906. It is further agreed, that if operations for oil or gas cease for a period of sixty days, this lease shall become null and void at the option of the parties of the first part."

The complaint is in one paragraph, and in substance shows the execution of the lease, which is set out in terms; that in pursuance thereof defendants (appellants) did commence operations on the leased premises and drilled thereon one well to a sufficient depth to produce oil; that on August

30, 1908, the appellants wholly ceased all operations on the land for oil or gas, and wholly abandoned the well which they had drilled, and permitted large quantities of oil to flow from the well and waste for failure to plug the well; that from August 30, 1908, for a period of more than sixty days, appellants wholly ceased all operations on the land for oil and gas and, although requested by appellees, after said day and before notice of forfeiture, to resume operations, wholly refused and neglected to do so; that by reason of the cessation of all operations on the land by appellants for oil or gas for a period of more than sixty days plaintiffs elected to and did on February 12, 1909, declare the lease null and void, and served upon the appellants at West Union, West Virginia, their place of residence, a written notice to that effect (setting out notice); that appellants are still claiming that the agreement has not been forfeited, and have left some of their machinery and fixtures on the premises, and, thereby interfere with, and prevent appellees from leasing and contracting the land to other parties, to be explored for oil and gas, to the great inconvenience and damage of the appellees; that appellees have always been ready, willing and able to comply with the terms and conditions of the agreement on their part to be kept and performed, of which fact appellants at all times had notice. Prayer that said contract be declared null and void; that the same, and the record thereof in the recorder's office of Knox County, be canceled; that appellants remove from the land all their machinery, etc., and for all other proper relief.

From a judgment for appellees in accordance with the prayer of the complaint, the appellants appeal to this court and assign as error the overruling of the demurrer to the complaint for alleged insufficiency of facts to state a cause of action, and the overruling of their motion for a new trial, which was asked on the ground that the decision of the court is not sustained by sufficient evidence and is contrary to law.

Appellants contend that as forfeitures are not favored in law, the lease in question could not be forfeited until sixty days had expired after the full term of five years had run according to the provisions of the lease. The instrument in question is not ambiguous and will not bear the construction appellants seek to place upon it. An unambiguous lease or contract will be interpreted and enforced according to the plain meaning of its provisions where nothing is shown that changes the rights of the parties as therein expressed. It has been held many times that development is the central purpose of the ordinary oil and gas lease and that such instruments will be construed in the light of such purpose, and where provision is made for forfeiture in case of the failure to develop as provided in the lease, a forfeiture will be declared and enforced where the parties seeking such relief bring themselves within the provisions authorizing the forfeiture. *Risch* v. *Burch* (1911), 175 Ind. 621, 627, 95 N. E. 123; *Dill* v. *Fraze* (1907), 169 Ind. 53, 55, 79 N. E. 971; *Gadbury* v. *Ohio, etc., Gas Co.* (1904), 162 Ind. 9, 16, 67 N. E. 259, 62 L. R. A. 895.

The other contention that the lease requires the lessors, appellees, to tender payment of one-half of the cost of a second well as a condition precedent to the right to forfeit the lease for failure to operate for sixty days is equally untenable. The contract expressly provides that the drilling of a second well on the premises depends upon the lessees feeling justified in so doing and that in case a second well is drilled, the expense of so doing is to be shared equally by the lessees and lessors. There is no suggestion that a tender should be made of the lessors' share of the expense before the work is begun. The amount of the expense is indefinite, and the lessors' liability, by the terms of the contract, would arise only when the lessees proceeded to drill a second well, and could be enforced only after the

"customary and market price for drilling" such well was ascertained.

The pleadings presented the issue of the forfeiture of the lease. The evidence on the question is conflicting, but there is evidence tending to support the finding of the court and we cannot therefore reverse the judgment for insufficiency of the evidence. The court did not err in the overruling of the demurrer to the complaint or the motion for a new trial. Judgment affirmed.

NOTE.—Reported in 104 N. E. 40. As to reluctance of courts to enforce forfeitures in cases of leases, see 26 Am. St. 911. As to covenants in mining leases for the diligent prosecution of the work, see 2 Ann. Cas. 446; 20 Ann. Cas. 1165. See, also, under (1) 27 Cyc. 722; (2) 9 Cyc. 577, 578; (3) 27 Cyc. 735, 736; (4) 27 Cyc. 734; (5) 3 Cyc. 360.