Harris v. International, etc., Constr. Co.—62 Ind. App. 64.

sale is attacked by the conclusion. The conclusion is predicated on the validity of such sale but asserts that a tract of land different from that described in appellant's complaint was sold, and hence that a conveyance of the tract so sold furnishes no proof of ownership in the purchasers at such sale of the land claimed by appellant.

It is also contended by appellant that the peremptory instruction "was inaccurate and incorrect in point of fact." The question suggested is not material, if our conclusion, supra, on the main proposition is correct. If the evidence warranted the court in peremptorily instructing the jury to return a verdict for appellees, it was not material whether it gave a correct reason for so doing. Indeed it was not necessary that it give any reason therefor.

We find no error in the record and the judgment below is therefore affirmed.

NOTE.—Reported in 112 N. E. 843. General descriptions of property in deeds, 66 Am. St. 59. Immunity from collateral attack of an order of a probate court for the sale of a decedent's real estate, 3 Ann. Cas. 234.

---

### HARRIS ET AL. v. THE INTERNATIONAL STEEL AND IRON CONSTRUCTION COMPANY.

[No. 9,079. Filed May 19, 1916.]

1. APPEAL.—*Review.*—*Harmless Error.*—*Ruling on Demurrer.*— Where it appeared that the facts found and conclusions of law stated rested upon a good paragraph of complaint, the action of the trial court in overruling the demurrer to another paragraph was harmless even if erroneous. p. 66.

2. PLEADING.—*Complaint.*—*Written Instruments.*—*Action on Contractor's Bond.*—In an action on the bond of a contractor for the repair of a school house, a paragraph of complaint, embracing a copy of the bond as an exhibit and alleging facts to show that plaintiff had furnished material and was within the class to be protected by the bond, was not insufficient for failure to include a copy of the con-

tract referred to in the bond and to secure the performance of which the bond was executed, since the contract was not the foundation of plaintiff's action.  p. 66.

3. APPEAL.—*Review.*—*Harmless Error.*—*Demurrer to Answer.*— The sustaining of a demurrer to a third paragraph of answer, which was merely an argumentative denial, was harmless in view of the record showing an answer in general denial.  p. 72.

From Clay Circuit Court; *John M. Rawley*, Judge.

Action by The International Steel and Iron Construction Company against Curtis Harris and others.  From a judgment for plaintiff, the defendants appeal.  *Affirmed.*

*Cary L. Harrel* and *Walker & Blankenbaker*, for appellants.

*Webster V. Moffett, Samuel M. McGregor* and *Orion B. Harris*, for appellee

McNUTT, J.—This was an action by appellee against appellants to recover upon a contractor's bond executed by appellants, as sureties, and James A. Farabee and John L. Berry, as principals, to Lewis School Township, of Clay county, Indiana, for the repair of a certain schoolhouse belonging to said school township, said claim of appellee being for certain material alleged to have been furnished to, and used by, the contractors.

The errors assigned question the action of the court in overruling the separate and several demurrers of appellants to the first and second paragraphs of complaint, and also the correctness of the court's first conclusion of law upon the special finding of facts.  Appellants also assign jointly error of the court in sustaining the demurrer to the third paragraph of their answer.  The objections urged against each paragraph of the complaint are: (1) That said paragraphs should have exhibited a

66 APPELLATE COURT OF INDIANA,

Harris v. International, etc., Constr. Co.—62 Ind. App. 64.

copy of the contract between the contractors and the school township; (2) that the first paragraph fails to show that appellee, within thirty days after furnishing material, filed with the trustee of the township a claim for the building material sued for as provided by the act of March 4, 1911. Acts 1911 p. 437, §§5901a, 5901b, 5901c Burns 1914.

Appellee contends that when the facts found and the conclusions of law stated show they sustain and rest upon a good paragraph of complaint and the judgment is rendered thereon, the error of the court in overruling a demurrer to another paragraph is harmless, because the record affirmatively shows that the judgment rests upon the good, and not the insufficient paragraph. Appellee's contention in this regard is well supported by authority. *Goodwine* v. *Cadwallader* (1902), 158 Ind. 202, 61 N. E. 939; *Smith* v. *Wells Mfg. Co.* (1897), 148 Ind. 333, 46 N. E. 1000. It follows, therefore, that if the facts found and conclusions of law stated rest upon the second paragraph of complaint, the sufficiency of the first paragraph becomes immaterial.

The second paragraph of complaint alleges, in substance, that James A. Farabee and John L. Berry, on July 12, 1911, entered into a written contract with said school township for the repair of a schoolhouse in said township, and that in said contract it was specified and agreed by the contractors that they would furnish and pay for all labor and materials necessary for said repairs according to the contract and the plans and specifications; that at the time of the execution of the contract, and as part consideration therefor, the contractors executed to the township their bond, with appellants as sureties thereon, which was accepted by the township

and was for the benefit of the township and any and all persons who might have or acquire a right to recover any moneys thereon, and to secure the faithful performance of the contract; that the bond further provided that the contractors should pay all persons for material and labor that should become entitled to compensation for material and labor furnished to the contractors, including reasonable attorneys' fees, and a copy of the bond is made a part of the complaint by exhibit. The paragraph further alleges that the repair of the building according to the contract made necessary the use of the materials furnished by appellee, and that they were sold to the contractors for the purpose, and were used in the building by the contractors, and a bill of particulars of such materials was filed with and made a part of the complaint by exhibit; that after the materials were so purchased and used by the contractors, and within less than thirty days from the delivery and use of same, and within less than thirty days from the time of the performance of the work and labor as shown by exhibit "B", and within less than thirty days after the work was performed and material furnished, appellee filed a claim with the trustee of the township for his work, labor and material and notified the trustee of the fact that the claim was due and unpaid; that the trustee and the contractors had not paid the claim and that the claim was due and wholly unpaid, with the usual allegations as to attorneys' fees and a prayer for judgment against all defendants upon the bond. The bond sued upon, except the closing part and signatures is as follows:

"Know all men by these presents: That we, J. A. Farabee and J. L. Berry as principals, of the town of Jasonville, county of Greene,

State of Indiana, are held and firmly bound unto Lewis Township by its trustee Elihu Puckett of the County of Clay, State of Indiana, as well as to all persons who may become entitled to ·liens, compensation for labor, or material under the within contract in the sum of seven thousand and three hundred fifty-six ($7,356.00) dollars lawful money of the United States of America· to be paid to the said township of Lewis by its trustee Elihu Puckett, and to said parties who may be entitled to. liens, compensation for labor or material, their executors, administrators or assigns for which payment well and truly to be made we bind ourselves, one and each of our heirs, executors, and administrators jointly and severally firmly by these presents. Sealed with our seals, dated this the 12th day of July, 1911. The condition of this obligation is such, that if the above bounden J. A. Farabee and J. L. Berry, their executors, administrators or assigns, in all things stand to and abide by and well and truly keep and perform the covenants in within contract entered into by and between the J. A. Farabee and J. L. Berry and the said Lewis Township by its trustee Elihu Puckett, dated on the 12th day of July, 1911, for the construction of the work or works on the lot mentioned in the within contract and shall duly and promptly pay and discharge all indebtedness that may be incurred by the said J. A. Farabee and J. L. Berry in carrying out the said contract and complete the same free of all mechanics liens and shall truly perform the covenants in said contract and in the within instrument contained on their part to be kept and performed at the time and in the manner and form therein specified as well as of all costs, including attorneys' fees in enforcing the payment and collection of any and all indebtedness incurred by said J. A. Farabee and J. L. Berry or any subcontractor or agent in carry-

NOVEMBER TERM, 1915.          69

Harris *v.* International, etc., Constr. Co.—62 Ind. App. 64.

ing out the said contract then the above obligation shall be void, else to remain in full force and virtue. This bond is made for the use and benefit of all persons who may become entitled to liens under the said contract according to the provisions of law in such cases made and provided and may be sued upon by them as if executed to them in proper person * * *."

Section 368 Burns 1914, §362 R. S. 1881, provides that: "When any pleading is founded on a written instrument or on account the original, or a copy thereof, must be filed with the pleading." Judge Hogate in his work, 1 Hogate, Pleading and Practice, §412, in discussing this statute, says: "It is not every written instrument that may become available as evidence, or otherwise, that is such within the meaning of the statute. Pleaders often incorporate into the pleadings, as exhibits that which does not constitute the foundation of the action; and it becomes frequently a question as to what written instrument is or is not the foundation of an action. An examination of all the decided cases will not enable one to deduce a rule that will be invariable. Perhaps as near a rule as can be stated is that where the party to be charged has signed the instrument that is declared on, in such case the instrument or a copy must be filed as an exhibit."

Unless the contract in question can be said to be the foundation of appellee's complaint, it was not necessary to exhibit it or a copy thereof. Instruments which are merely to be used as evidence do not generally fall within the statute. 31 Cyc 556. Appellants rely upon the case of *Potts* v. *Hartman* (1885), 101 Ind. 359, to support their contention that the contract should have been made a part of

70    APPELLATE COURT OF INDIANA,

Harris v. International, etc., Constr. Co.—62 Ind. App. 64.

the complaint by exhibit. In that case Mrs. Potts contracted with McClure for the erection for her of a dwelling house, to be completed according to certain specifications. At the same time McClure executed a bond to Mrs. Potts, with Hartman as surety, conditioned that he would construct and complete the dwelling house within the time and in the manner specified, and deliver the same to her free from any and all liens in favor of laborers or materialmen. Mrs. Potts afterwards requested certain additions. The building was not completed within the time prescribed; disagreements arose between the parties concerning payments for labor and materials furnished for the building, and Mrs. Potts and McClure, on a later date, entered into an additional or supplemental contract. Later Mrs. Potts commenced action against McClure and Hartman on the bond, alleging failure of McClure in several specified respects to complete the building according to the terms of the original contract. Hartman answered separately and, among other things, set up the execution of the additional or supplemental contract entered into by Mrs. Potts and McClure, alleging that the same was executed without his knowledge or consent. A demurrer to this paragraph of answer was overruled. The court in discussing this demurrer said: "The plaintiff, by her demurrer to the eighth paragraph of Hartman's answer, admitted that the additional, or supplemental, contract, set out in that paragraph, had been entered into between her and McClure. The necessary inference from that admission was that the complaint had not declared upon the entire contract existing between her and the McClures, and was, for that reason, essentially defective. When the complaint is thus essentially defective, it is well settled that the

plaintiff can not be heard to complain that a demurrer to an answer to it has been erroneously overruled. In such a case the plaintiff can not be regarded as having, in any event, been substantially injured by the ruling upon the answer." The case is the only one cited by appellant and it does not support their contention.

In the case of *Federal Life Ins. Co.* v. *Kerr* (1910), 173 Ind. 613, 617, 89 N. E. 398, 91 N. E. 230, the Supreme Court in discussing this question said: "The sufficiency of the complaint is vigorously challenged, on the ground that the transfer and the so-called reinsurance contract are so referred to in the agreement denominated the new policy as to become a part of it, to the extent that it must be made an exhibit of the complaint under our code, requiring written instruments, or copies thereof, upon which 'any pleading is founded', to be filed with the pleading. There are two distinct lines of cases in this State involved in this contention. One line holds that where one instrument refers to another which is necessary to its construction, or defines the conditions of rights claimed under it, or depends for its validity upon conditions expressed in another instrument, said instruments, when made the basis of a pleading, must be set out by copy or in the original. (Citing authorities.) Another line of cases is that presented under building contracts, building and loan association notes, and contracts of insurance, under which it is held that collateral instruments referred to in the instrument pleaded, or as inducements to contracts or agreements, which, though referring to other instruments, are complete in themselves, need not be copied, filed or exhibited. Of such are applications for insurance, specifications for buildings and machinery, and the like."

Appellee had no right of action on the contract, and it could not be the foundation of an action by materialmen. The bond, which is the foundation of appellee's second paragraph of complaint, was properly made an exhibit. It identifies the contract by date, parties and general subject-matter, and contains the following provision: "And shall duly and promptly pay and discharge all indebtedness that may be incurred by said J. A. Farabee and J. L. Berry (contractors) in carrying out the said contract." The second paragraph of complaint sets out the contract in substance, which was all that was necessary, and the court did not err in overruling the demurrer thereto. This is the only ground urged by appellants for sustaining their demurrer to said paragraph.

The special finding follows the facts alleged in the second paragraph of complaint, and our ruling on said paragraph requires us to hold that the court did not err in its first conclusion of law, which was to the effect that appellee was entitled to recover of the bondsmen jointly and severally the sum of $249.28. Ross v. Van Natta (1905), 164 Ind. 557, 74 N. E. 10.

Appellant's joint assignment of error calls in question the action of the court in sustaining the demurrer to the third paragraph of answer.

3. It is urged by appellant that this paragraph alleges a failure by appellee to file a claim with the trustee within thirty days from the time of furnishing material and for that reason constituted a good defense to the complaint. The second paragraph of complaint alleges the filing of appellee's claim with the township trustee within thirty days from the time of furnishing the materials. The third paragraph of answer was merely an argumentative denial of said second

paragraph of complaint, and, as the first paragraph of answer was a general denial, it was not error to sustain a demurrer to said third paragraph. The record shows affirmatively that the finding and judgment rest upon the second paragraph of complaint, and error, if any, in sustaining the demurrer to the third paragraph of answer, as an answer to the first paragraph of complaint, was harmless. *Phoenix Ins. Co.* v. *Jacobs* (1899), 23 Ind. App. 509, 55 N. E. 778; *Goodwine* v. *Cadwallader, supra; Smith* v. *Wells Mfg. Co., supra.*

If it were necessary to file notice of claim with the trustee in a case of the character here under consideration, which we do not decide, the second paragraph of complaint and the finding of facts made by the court show that the statute (§5901b Burns 1914, *supra*), was complied with in that respect.

The conclusion of law complained of was clearly right on the special finding of the court. Judgment affirmed.

NOTE.—Reported in 112 N. E. 532..