BOLLENBACHER ET AL. *v.* MILLER.

[No. 14,159. Filed January 15, 1932. Rehearing denied May 19, 1932.]

*Merle N. A. Walker,* for appellants.

*Johnson & Zechiel* and *Wilson & Wilson,* for appellees.

NEAL, J.—William D. Miller (appellee herein), instituted this suit to quiet title to certain described real estate located in Monroe County. William P. Bollenbacher and Polk Mineral Company (appellants herein) were made defendants. The complaint was in seven paragraphs; defendants demurred to each of the first, second, third, fourth, fifth and seventh paragraphs; each

demurrer was overruled and each defendant filed an answer of general denial to each paragraph of complaint. Trial was had by the court; the facts were found specially; conclusions of law were stated thereon and judgment quieting plaintiff's title to the real estate in question as against the defendants was rendered. Defendants' motion for a new trial being overruled, they appealed to this court and assigned as error: (1) The court erred in overruling the demurrers to the first, second, third, fourth, fifth and seventh paragraphs of complaint; (2) the court erred in adopting the conclusions of law in favor of plaintiff; and (3) the court erred in overruling defendants' motion for a new trial, under which it is contended that the decision of the court is not supported by sufficient evidence; that it is contrary to law and that the court erred in the admission of certain evidence.

The necessary facts to support a recovery as found specially by the court, in substance, are: Plaintiff was, at all times mentioned in the complaint, the owner of the real estate in question; plaintiff entered into a contract termed a "Mineral Contract," by the terms of which plaintiff, as grantor, granted and sold to the defendant Bollenbacher, in consideration of "one dollar per acre, and other considerations, all to be fully paid for in fully paid non-assessable preferred stock," the exclusive rights in all minerals, stone, coal, oil, gas, ore of all kinds and valuables of all kind of substances and ample rights to enter upon all the land of the grantor (plaintiff) for the purpose of developing and marketing such minerals; that grantor was to receive "for said mineral rights and privileges, the amount of preferred stock, according to their preferred stock in a 4 per cent dividend over common stock holders, in the net profit, when dividends are declared." By the terms of the contract, it was provided that "the grantee shall have

reasonable time to complete prospecting." Besides appellee Miller, nine other persons whose farms were located in the same community, signed the same contract and made the same grants respecting their lands.

The court further found that, at the time said agreement was entered into, it was an essential part of the agreement that Bollenbacher would proceed without delay to locate and reduce to possession the oil and gas in said real estate and that he would, without delay, dig and complete an oil or gas well for that purpose upon the premises described in the lease; that no money has been paid to plaintiff or to any other person for them by defendants as rental for the real estate described; that neither Bollenbacher nor the Polk Mineral Company did, up to the present time, drill an oil or gas well or attempt to dig or construct any oil or gas wells upon any lands described in said lease; nor did either defendant attempt to locate any oil or gas in said described real estate contained in said lease; that each of said defendants abandoned the pursuit of oil and gas located in said real estate; that the written instrument in question is a cloud upon the rights, title and interest of plaintiff in the real estate therein described; that, unless said cloud be removed and said contract canceled and declared null and void, plaintiff will suffer irreparable damage to his rights, title and interest in said real estate; that defendants Bollenbacher and Polk Mineral Company separately and severally claim an interest in said contract and that said claim is against the right, title and interest of plaintiff and is a cloud upon plaintiff's title.

The court further found that the recorder of Monroe County, pursuant to a proper request by plaintiff under the Acts of 1923 (Acts 1923, ch. 134, p. 378, §1, being §9571 Burns 1926), certified upon the face of the records in his office that said contract and lease in ques-

tion were invalid and void so far as it affected William D. Miller or his real estate described therein; that neither defendant did anything to show that such certification of invalidity should not stand; that, pursuant to the contract in question, the Polk Mineral Company was incorporated, which corporation, pursuant to such contract, issued to plaintiff preferred stock equal to $1 per acre for each acre of ground owned by plaintiff and described in such contract; that no dividends have been declared by the Polk Mineral Company; that plaintiff tendered back to the Polk Mineral Company, prior to the beginning of this suit, such preferred stock, but defendants refused to accept the same.

The court, upon the special findings of fact, stated its conclusions of law in favor of the plaintiff and pronounced judgment declaring the contract in question null and void and quieting plaintiff's (appellee herein) title to the real estate in question as against the defendants (appellants herein).

Appellants argue that the court erred in overruling the demurrers to the first, second, third, fourth, fifth and seventh paragraphs of complaint, each of which pleaded facts specifically surrounding the execution of the contract, defendants delay in exploring, etc. The sixth paragraph alleged that plaintiff (appellee) was the owner in fee simple of the land in question; that each of the defendants (appellants) claimed an interest therein adverse to plaintiff's (appellee's) rights; that such claim was without right and was unfounded; and that such claim was a cloud upon plaintiff's (appellee's) title. Such a paragraph is sufficient in a suit to quiet title. *Marot* v. *Germania Building, etc., Assn.* (1876), 54 Ind. 37; *Wilson* v. *Wilson* (1890), 124 Ind. 472, 24 N. E. 974; *The Tolleston Club of Chicago* v. *Clough* (1896), 146 Ind. 93, 43 N. E. 647; *City of Huntington* v. *Townsend* (1902), 29 Ind.

App. 269, 63 N. E. 36. All evidence necessary to support the findings of fact and conclusions of law stated thereon, that there had been an abandonment of the lease by the lessee, could have been introduced under the sixth paragraph of complaint. *Woodward* v. *Mitchell* (1894), 140 Ind. 406, 39 N. E. 437. Under such circumstances, even if it were error for the court to *overrule* the demurrers of which complaint is made (which we do not decide), the error would be harmless. *Harris* v. *International, etc., Constr. Co.* (1916), 62 Ind. App. 64, 112 N. E. 532; *Lester* v. *Hinkle* (1926), 90 Ind. App. 193, 153 N. E. 179; *Duncan* v. *Lankford* (1896), 145 Ind. 145, 44 N. E. 12.

Appellants earnestly contend that the fact that they (appellants) did not, within a reasonable time, proceed to prospect and explore may be the basis for an action for damages for breach of contract, but that such failure to proceed within a reasonable time is not sufficient to cause a cancellation of the contract and to declare the same null and void. But, it has been held that, by the very nature of oil and gas, the courts must place all oil and gas contracts and leases in a class of their own. *New American Oil, etc., Co.* v. *Troyer* (1905), 166 Ind. 402, 412, 76 N. E. 253, 77 N. E. 739. Our courts have consistently held that the obligation to explore is such an essential part of oil and gas leases and contracts, though implied, as must be treated as a condition, which, if not performed within a reasonable time, entitles the lessor to claim a forfeiture and abandonment of the lease. *Consumers Gas Trust Co.* v. *Littler* (1904), 162 Ind. 320, 327, 70 N. E. 363; *Consumers Gas Trust Co.* v. *Worth* (1904), 163 Ind. 141, 149, 71 N. E. 489; *Dittman* v. *Keller* (1913), 55 Ind. App. 448, 451, 104 N. E. 40. What amounts to a reasonable time depends upon the circumstances of the par-

ticular case. *Island Coal Co.* v. *Combs* (1899), 152 Ind. 379, 53 N. E. 452.

*Gadbury* v. *Ohio, etc., Gas Co.* (1903), 162 Ind. 9, 67 N. E. 259, 62 L. R. A. 895, was a case wherein a year and eight months delay had occurred and the question of "reasonable time" was an important element in declaring a forfeiture of a gas and oil lease and quieting plaintiff's title. In that case, the court said that such a length of time was sufficient "to require the court below to aid appellants (plaintiffs) by means of its jurisdiction, to decree cancellation and to remove clouds from titles." In the case before us, the contract was executed on April 13, 1925, and neither of the appellants did anything towards exploring or prospecting for oil or gas prior to the filing of this action January 28, 1928, a delay of more than two years and nine months. Such a length of time is unreasonable and appellee was clearly entitled to demand a forfeiture of the lease and to have his title to the land in question quieted as against appellants.

There is no merit in appellants' contention that this was such a joint enterprize as to constitute a defense to appellee's action to quiet title.

The court did not commit reversible error in the admission of the evidence of which complaint is made. There is sufficient evidence to support the findings of fact. The court did not err in adopting the conclusions of law in favor of appellee.

Judgment affirmed.

Kime, J., not participating.